CASE 7—ACTION BY PEOPLE'S ELECTRIC LIGHT & POWER CO. AGAINST THE CAPITAL GAS & ELECTRIC LIGHT CO. TO ENJOIN THE DEFENDANT CO. FROM INTERFERING WITH PLAINTIFF'S ALLEGED EXCLUSIVE RIGHTS, &C.—JUNE 16.

# People's Electric Light & Power Co. v. Capital Gas & Electric Light Co.

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM THE JUDGMENT BOTH PARTIES APPEAL.   AFFIRMED.

MUNICIPAL CORPORATIONS—EXCLUSIVE FRANCHISES—GAS COMPANIES— RIGHT TO FURNISH ELECTRIC LIGHT—RIVAL CLAIM—PLEADING— DEFENSES—ENLARGEMENT OF FRANCHISE.

1.  Where the exclusive franchise to furnish light to a city has been granted to a gas and electric light company, and another company also claims such right, thereby casting a cloud on the title of the first company to the right claimed by it, injunction to restrain the second company from setting up such exclusive right is the proper remedy, though the first company is not in possession of the streets.

2.  In an action by a gas and electric light company, claiming that the exclusive franchise to light the streets had been granted to it, to restrain another company from setting up a claim to a similar exclusive right, a plea of champerty by defendant, on the ground that it had the exclusive right to furnish light at the time the plaintiff's franchise was granted, was demurrable.

3.  A plea denying that the sale of the franchise to appellant was advertised, or that bids were publicly received therefor, or that the franchise was sold to appellant as the highest and best bidder, stated a good defense.

Vol. 116]    APRIL TERM, 1903.    **77**

Peoples' Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

4.  Where the charter of a gas company did not authorize it to fur-
    nish any other light than gas, and it had no facilities for so doing
    a franchise granted by a city to such company, giving it the
    exclusive right to use the streets to furnish gas and "other illum-
    inating light," was void as to "other illuminating light."

5.  A city contracted to deed its gas plant and grant an exclusive
    franchise to furnish gas and other light to a company whose
    charter gave it no right to furnish any light but gas. The deed
    was made to an assignee of this company, and the assignee's
    charter provided that it should furnish gas and electric light.
    The deed imposed no obligation on the grantee to furnish any
    other light than gas.   Held, that the deed did not give the gran-
    tee an exclusive right to furnish electric light.

6.  Contracts made by the grantee with the city with reference to
    furnishing electric lights, which did not impose on the company
    any duty to furnish such light, did not give the company an ex-
    clusive right to furnish electric light.

7.  Under Constitution section 164, providing that before, granting
    any franchise for a term of years, a city shall receive bids there-
    for and award the same to the highest and best bidder, a city
    can not enlarge a franchise already granted, except by award to
    the highest and best bidder.

HAZELRIGG & CHENAULT and JOHN W. RAY, for appellant.

Under the provisions of section 164 of the Constitution, the
city council of Frankfort proceeded to advertise, and sold a
franchise to the appellant company, and it is conceded, in strict
conformity to said section, and the question presented is whether
this is an exclusive franchise or a mere privilege to run for
twenty years. Our contention is that the word franchise in-
cludes more than a privilege, and by this sale the appellant ac-
quired the exclusive privilege to supply the city of Frankfort,
its inhabitants, and consumers, with electricity for lighting and
other purposes.

The question then, is whether the city had the power to grant
an exclusive franchise to the appellant, because of the rights of
the appellee.    If the appellee has an exclusive right it exists in per-
petuity, which is not favored in the law, unless there is a clear
unmistakable intention of the Legislature to grant such power
to the city council to make such contract, which does not appear
in any charter of said city.

(1)  We contend that the charter of the defendant gives it no
franchise, no exclusive right. It is only an act of incorporation
that authorizes it to manufacture and sell electricity and gas.
But the right to manufacture electric light not having been ex-

**78** KENTUCKY REPORTS. [Vol. 116

People's Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

ercised from the time of its charter in 1882 until 1890, we contend that under chapter 56, section 12, General Statutes, this non-user of the right to manufacture and sell electric lights, was abandoned and forfeited.

(2) We contend further that under the schedule of the Constitution, such franchise if it ever had been exclusive, and was in perpetuity, is repugnant to the Constitution, and was repealed in September, 1897, six years after the adoption of the Constitution.

(3) In 1832 when the original charter of appellee was passed, electricity was not in use as a lighting property, and was not in the mind of the Legislature when said charter was granted, and therefore was not included or covered by the charter.

(4) If the city of Frankfort in 1882 had the right to sell the electric light franchise, and did sell it and the appellee company had the right to buy it, and did buy it, still, when the company come to make the contract for lighting they must make it in conformity to the law governing the making of contracts at the time the contract was made, and this the appellee failed to do and its contract is absolutely void.

## AUTHORITIES CITED.

Beard v. The City of Hopkinsville, 95 Ky., 239; Nicholasville Water Co. v. City Nicholasville, 18 R., 592; Dillon on Mun. Corp., secs. 692 to 696; 84 Ky., 175; 25 Com., 19; 132 Ind., 575; 18 Ohio, 262; 47 W. Vir., 739; 172 U. S., 1; 32 Am. St. Rep., 457; 161 Pa. St. Rep., 510; 146 U. S., 258; Charles River Bridge Case.

J. B. LINDSEY AND JOHN W. RODMAN, FOR APPELLEE.

## SALIENT POINTS.

1. From anterior to 1869 and up to 1882 the board of councilmen of the city of Frankfort had in itself the exclusive franchise for using the streets, &c., and to furnish to the city and its inhabitants from a light plant, lights of all kinds, including the two principal kinds—gas and electricity.

2. The act of March 28, 1872, authorized the board of councilmen of the city of Frankfort to sell or grant or lease any property the city had, including franchises, on such terms and for such sums as the board of councilmen should deem for the best interests of the city.

3. The said board had not up to 1882 erected any electric plant, but had had in operation a gas plant from long anterior

to 1869, and the same was out of repair and insufficient for the want of the city and its inhabitants.

4. There being no investment in any electric plant, it was in the power of the Legislature to modify the city's electric franchise right, and it did so by act of April 24, 1882, which incorporated the appellee company and gave it the powers granted there in perpetuity, among others, the right to acquire property of every kind necessary for the purpose and the franchise to erect in the city of Frankfort, and on and over the streets, &c., thereof an electric light plant (this without obtaining the consent of the municipal authorities) and with the consent of the city council to also erect in the city and on and under the streets, &c., thereof a gas plant, and the right and franchise in perpetuity to furnish both gas and electricity to the city and its inhabitants desiring the same, and the charter obligated appellee to furnish both kinds of lights to the city and its inhabitants on such reasonable terms as might be agreed on by the parties from time to time, the gas never to cost more than $3 per 1,000 feet (cubic).

5. That after the granting of appellee's charter it was in the power of the city to hold on to its exclusive gas franchise and also to go on and erect an electric light plant, though the appellee could also erect and operate another electric plant in the city and operate it; but it was also in the power of the board of councilmen of the city of Frankfort (under authority of the act of March 28, 1872) to make the franchise for gas and electric lights of the Capital Gas & Electric Light Company, exclusive for the period of forty years (or even in perpetuity). (See Newport Light Cases in 84 Ky. and 89 Ky., and cases in 115 U. S. Rep., and other authorities referred to in printed brief.

6. That by the deed and contract between the board of councilmen of the city of Frankfort and the Capital Gas & Electric Light Company, of date June 27, 1882, for the consideration of $40,000, to be paid at the end of forty years from July 1, 1882, and the interest thereon to be paid semi-annually, and the other considerations set out in the deed including a lien on the land, plant and franchises to secure the payment of the $40,000, &c., the entire lighting plant of the city including the exclusive franchises for the use of the streets, &c., of the city for the purposes and the exclusive right to furnish gas and electric lights to the city and its inhabitants, were granted and conveyed to the appellee company, thus making the electric light franchise of appellee exclusive which had not been by its charter made exclusive.

**80** KENTUCKY REPORTS. [Vol. 116

People's Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

7. That the charter of appellee was as a matter of law to be read into and formed a part of the contract between the city and appellee of date June 27, 1882, and appellee was bound by its charter and said contract as and when the city or citizens required it, to erect from time to time all such necessary machinery, posts, wires, pipes and other things requisite to furnish the city and its inhabitants with both gas and electric light and that appellee did do this; that it complied with the terms of its charter and said contract at all times, and is yet doing so, and on May 4, 1889, appellee had in full operation both gas and electric plants, and had agreed with the city and citizens on the prices to be charged for both gas and electric lights, and ever since May 4, 1889, the appellee has continued and is yet continuing to agree on prices, and furnishing the city and all other consumers with both gas and electric lights; and hence neither of its franchises were made void by section 191 of the Constitution and there is no authority any where for now invalidating said franchises.

8. As to the contracts of substitution of September 18, 1893, there was of course no new grant of power, or new grant of exclusive franchise, but a clear recognition by the city and appellee that appellee had the exclusive right to the electric franchise and was under duty bound by its franchises, charter and contract to furnish the city and other consumers with electric lights of all kinds, including arc electric lights of nominal 2,000 candle power to light the streets of the city in substitution for gas street lamps, of the kind and in the manner as has been done since May 4, 1889, at a few of the intersections of the principal streets of the city.

9. That the validity of the said deed and contract, and appellee's charter and the appellee's powers thereunder have been construed and held valid in the suit of W. S. Dehoney and Others v. The Board of Councilmen of the City of Frankfort, and this appellee; and in case of the Board of Councilmen of the City of Frankfort v. Capital Gas & Electric Light Co. (See case of Louisville v. Louisville Water Co., 20 Ky. Law Rep., 1529.)

10. The franchises granted to appellee by its charter and under its contract of date June 27, 1882, with the city, were not repealed by section 573 (chap. 32) of Kentucky Statutes nor any other section thereof, nor by any provision of the Constitution, but are expressly saved by the Constitution itself.

Vol. 116]  APRIL TERM, 1903.  81

People's Elec. Light & Power Co. v. Capital Gas & Eléc. Light Co.

11. That the ordinance of 1901 does not show the city intended to grant appellant an exclusive franchise is clear from the reading thereof, and it is also manifest the appellee did not by its notice give color to any such assumption, nothing in the notice can be found on which to make such claim.

12. It was admitted in the oral argument that the alleged grant of franchise to appellant if operative at all, took effect on November 26, 1901, and that appellant had not exercised any of the privileges or performed any of the duties required by said ordinance up to the present time. (See also the averments of appellant's petition.) Now we say that the alleged grant of franchise or any claim thereto has become void; for the ordinance provided (sec. 5) such person or corporation acquiring such franchise or privilege, shall construct such electric light system within six months from the time such grant or such franchise or privilege shall become effective.

The appellant has not complied with this requirement, but has violated the same and also violated the provision of section 3290, subsection 35, of Kentucky Statutes, which latter provides that "all such grants shall expire and become void notwithstanding a consideration shall have been paid therefor unless a bona fide organization shall have taken place, and *business been* commenced and prosecuted thereunder in good faith within one year from the date thereof. The council may impose other conditions and terms in addition to and not inconsistent with those enumerated herein."

13. The appellant (the plaintiff below) seeks to enjoin appellee from asserting or exercising any right or privilege as it is continuing to do, to furnish electric lights to the city or citizens of Frankfort; and to have the court to adjudge that the appellant has such right to the exclusion of appellee. We say that appellant must stand or fall on the strength of its own title and not upon any defect in that of appellee, or on any assumed acts ultra vires on appellee's part. (Norwich Gas Co. v. Norwich City Gas Co., 25 Conn., 19-31), and we insist appellant has no standing in court and no right to question appellee's claim.

### AUTHORITIES CITED.

1. On appellee's special demurrer and the first two paragraphs of its answer. Ky. Stats, sec. 453, and p. 177, sec. 11; Ky. Stats., sec. 210 to 216; 6 Am. & Eng. Ency. Law, p. 143; sec. 4,

p. 143 (n. 1), p. 148, p. 150, sec. 5; Miller v. F. & F. S. T. P. Co., 22 Ky. Law Rep., 1039.

2. Ultra vires. 2 Chitty on Con., sec. 977; Bibb, &c., v. Miller, &c., 11 Bush, 306; Boone on Corp., secs. 101, 203, and cases cited; Miller v. F. & F. S. T. P. Co. 22 Ky. Law Rep., 1039; Bank v. Matthews, 92 U. S., 628; Morris v. Schollville, &c., T. P. Co., 6 Bush, 672; 27 Am. & Eng. Ency. Law, pp. 360, 362, 363; Angel & Ames on Corp. sec. 777.

3. As to res judicata. W. S. Dehoney, &c., v. Board of Councilmen; Gould v. Evans, &c., R. R. Co., 91 U. S., 533; 7 Am. & Eng. Ency. of Law, pp. 2, 9 (n. 2); Singer v. Hutchinson, 75 Am. St. R., 133; Hart v. Molton, 76 Am. St. R., 881; Ahlers v. Thomas, 77 Am. St. R., 820; Board of Councilmen v. C. G. & E. L. Co., 16 Ky. Law Rep., 780.

4. On alleged forfeiture by nonuser. Kenton Co. Ct. v. Bank Lick T. P. Co., 10 Bush, 529; Ch. 56, Gen. Stats., secs. 12, 17, 18; Gen. Stats., p. 157, subsec. 2 of sec. 2; 56 Pa. St., 325; 31 Ark., 476; 5 Ind., 77; Cooley on Con. Lim., 106; Angel & Ames on Corp., 774, 777; Boone on Corp., 203, 303; 2 Morowitz on Corp., 1014, 1040; University v. Williams, 2 Gill, N. J., 265; 2 Gill, N. J., 353; 1 Abb. U. S., 9; 47 Me., 189; 34 Vt., 256; 25 Mich., 99; 49 Mich., 143; 22 Ky. Law Rep., 1073; 2 Kent's Com., 313; Ky. Stats., 515; 12 Conn., 7; Limitation of five years against forfeitures, Ky. Stats., 2518.

5. As to constitutional questions. Ky. Constitution, secs. 3, 13, 19, 26, 52; Ky. Constitution, secs. 163, 164, 191, 203, 242, and Schedule of same; N. O. Gas Co. v. Louisiana Lt. Co., 115 U. S., 650; N. O. Waterworks Co. v. Rivers, 115 U. S., 674; Lou. Gas. Co. v. Citizens Gas. Co., 115 U. S., 683; Louisville v Louisville Water Co., 20 Ky. Law Rep., 1529.

6. On contracts substituting electricity for gas. Ky. Constitution, secs. 163, 164; Appellee's Charter, act approved April 24, 1882; Deed and Contract from City; Louisville v. Louisville Water Co., 20 Ky. Law Rep., 1529; Ky. Stats., secs. 3237, 3258.

7. General view of the case, authority and perpetuity. W. S. Dehoney, &c., v. Bd. of Councilmen of City of Frankfort (including appellee), MS copy in record; Board of Councilmen v. C. G. & E. L. Co., 16 Ky. Law Rep., 780; Atlantic City Waterworks Co. v. Atlantic City, 19 Vroom, 380; City of Newport v. Newport Lt. Co., 84 Ky., 166 to 189; N. O. Gas Co. v. Louisiana Lt. Co., 115 U. S., 665; N. O. Waterworks Co. v. Rivers, 115 U. S., 674; Newport v. Newport Lt. Co., 89 Ky., 455; Bond v. Meagher, 19 N. J., 376; Boone on Corp., 287, 289; Thompson on Corp., sec. 5660; Charter of City of Frankfort, 1869, p. 478; Amendment to same act of March 28, 1872; Legislative Charter

of Appellee, Act April 24, 1882; Charter Cities 3d Class, Ky. Stats., secs. 3256, 3236, 3238, 3290, subsec. 5; Deed and Contract grant from the city June 27, 1882; 29 Ga., 50; 43 Ga., 67; 8 Mich., 467; 8 Ind., 21; 40 N. Y., 273; Binghampton case, 3 Wallace; State v. Milwaukee Gas Lt. Co., 29 Wis., 454.

Opinion of the court by JUDGE SETTLE—Affirming.

This equitable action was instituted by the appellant, People's Electric Light & Power Company, to enjoin the appellee, Capital Gas & Electric Light Company, from interfering with its alleged exclusive right to supply the city of Frankfort, its inhabitants, and consumers, with electricity for lighting and other purposes, as provided by its articles of incorporation and authorized by an ordinance of the city. The answer and counterclaim filed by appellee contains six paragraphs, and denies that appellant has or owns the exclusive right, or any right, to supply the city of Frankfort, or its inhabitants, with electricity for lighting, or any other purpose, or that the city council had the power, by ordinance or otherwise, to confer upon appellant any such right, and for further defense avers in substance that it and its assignor and predecessor, the Southern Gasworks Company, by purchase and deed from the city of Frankfort, acquired title to its gasworks, mains, and pipes, and to the exclusive use of its streets and alleys, for the purpose of furnishing gas and electricity for the lighting of its streets and the use of its inhabitants, which right has been confirmed by repeated subsequent contracts made between it and the city, and that this right is about to be interfered with by appellant, for which reason the answer asks an injunction against it.

Appellant filed general demurrer to the answer and counterclaim, and each paragraph thereof, which was sustained to the first, second, fourth and fifth, and overruled as to the third and sixth paragraphs. Thereupon an amend-

84          KENTUCKY REPORTS.          [Vol. 116

People's Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

ed answer and counterclaim was filed by appellee, to which
and to the several paragraphs of the original answer, as
amended, appellant again filed a general demurrer, and, the
case being submitted on that demurrer, it was sustained as
to the first, second, fourth, and fifth paragraphs of the an-
swer as amended, and also as to the new paragraph added by
the amended answer, to all of which appellee excepted. The
cause was then submitted for trial and judgment upon the
pleadings and an agreed writing containing all the evi-
dence, documentary and otherwise, upon which the parties
relied in support of their respective contentions. Where-
upon the special judge, expressing his views in a well con-
sidered and ably written opinion, rendered judgment to the
effect that neither appellant nor appellee has the exclusive
right to use the streets of the city of Frankfort for the
purpose of furnishing electricity to the city or its inhab-
itants for lighting purposes, and enjoining each of them
from asserting any such exclusive right. Appellant and
appellee each excepted to the judgment and prayed an ap-
peal to this court, and the case is now before us upon both
appeals for final adjudication.

The facts presented by the pleadings and evidence are as
follows: The city of Frankfort, by a written contract of
May 30, 1882, made with the Southern Gasworks Company,
the assignor of appellee, sold to it its gasworks, which had
theretofore been constructed and was then being operated
under a charter from the Legislature granted the city. By
the terms of this contract it granted, or attempted to grant,
to the Southern Gasworks Company, the exclusive right to
the use of its streets "for the purpose of laying, repairing,
and properly operating all mains, pipes and other necessary
machinery for the furnishing of all gas or other illuminat-
ing light in said city." The consideration of this sale, as

recited in the contract, was the undertaking of the Southern
Gasworks Company to execute to the city forty interest-
bearing bonds of .$1,000 each, payable forty years from
July 1, 1882, with the privilege reserved of paying the
bonds, or any one or more of them, before maturity.  The
company further undertook to improve the gasworks, ex-
tend the mains, to light a certain number of street lamps
at the price named in the contract, and to furnish private
consumers gas at not exceeding $2 per 1,000 cubic feet;
but this maximum price was to be adjusted every five years,
so as not to exceed the average price charged for gas in
cities or towns of the same or a less population than Frank-
fort.  The contract mentioned, and all rights incident and
appertaining thereto, were assigned by the Southern Gas-
works Company to the appellee, Capital Gas & Electric
Light Company which became incorporated by a legisla-
tive act approved April 24, 1882, and by deed of June 27,
1882, the city of Frankfort conveyed appellee, as assignee
of the Southern Gasworks Company, all the property and
rights which it had agreed theretofore to sell to the South-
ern Gasworks Company; it being recited in the deed that
the appellee had already executed and delivered the forty
bonds required of the Southern Gasworks Company by its
contract with the city.  The appellee by the terms of the
deed was to assume and carry out all the undertakings of
its assignor with the city.  By virtue of the rights thus
acquired under the contract and deed mentioned, appellee
only manufactured and furnished gas for several years for
the use of the city and its inhabitants; but about January
1, 1890, it constructed an electric light plant, and began
for the first time to furnish electric light to the city and
its inhabitants, though no contract was made by appellee
with the city in reference to electric lighting until Sep

86          KENTUCKY REPORTS.          [Vol. 116

People's Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

tember 18, 1893, at which time a new or supplemental contract was made between appellee and the city, under which the electric lights were to be furnished. This contract contained the statement that it was entered into at the request of the city, and because it desired a modification of the former contract. It appears that since that time various supplemental agreements have been made between the parties from time to time for the continued lighting of the streets; but neither the contract of September 18, 1893, nor any of those of subsequent date, contain any provision or agreement requiring appellee to furnish electricity to private consumers or regulating the price thereof.

Appellee's claim of the exclusive right to the use of the streets of the city for furnishing electricity to the city and its inhabitants for lighting purposes is based upon its various contracts with the city. Upon the other hand, the appellant, People's Electric Light & Power Company, contends that it has the exclusive right to the use of the streets for the furnishing of electric lights to the city and its inhabitants by virtue of the ordinances of the general council passed July 23 and August 13, 1901, and that the franchise granted it by these ordinances was duly advertised for sale, and bids therefor were received publicly, and that the franchise was thereby awarded to it as the highest bidder. It is averred by appellants that appellee is wrongfully asserting an exclusive right or franchise to supply electricity to the city and its inhabitants for lighting purposes, and is thereby casting such a cloud upon its title that it is being prevented from selling, pledging, or mortgaging its stock, or selling its bonds, whereby to raise the money with which to erect its plant, and it therefore

asks that appellee be enjoined from asserting the claim of exclusive right set up by it.

We think the special judge properly sustained the appellee's general demurrer to the extent indicated in the judgment. The first paragraph of the answer interposes the defense that appellant can not maintain the action to quiet its title to a franchise to light the city of Frankfort with electricity, as it is not in possession of the streets and alleys of the city, the use of which is necessary to the enjoyment of its franchise. The contention of appellant is that the cloud cast upon its title to the franchise is preventing it from selling, pledging or mortgaging its stock, or selling its bonds, in consequence of which it has been unable to erect its electric plant, or to enjoy the franchise granted it by the city of Frankfort. In such a state of case, injunction is the only remedy, if, as a matter of fact, appellant owns the exclusive franchise to which it lays claim. This point seems to have been well settled in Citizens' Gaslight Company v. Louisville Gas Company, 81 Ky., 263, 5 R., 72.

The second paragraph contains a plea of the statute of champerty, which has no place in a case like this. Although it may have been true that, at the time of the grant of the franchise from the city of Frankfort to appellant, appellee was exercising a like franchise under claim that it was exclusive, such a claim, unless true in fact, could not prevent the city from granting a similar franchise to appellant. Upon the other hand, if appellee's franchise was exclusive, the grant of the franchise by the city to appellant was simply void.

The third paragraph of the answer, by denying that the sale of the franchise to appellant was advertised, or that bids were publicly received therefor, or that the franchise-

88        KENTUCKY REPORTS.        [Vol. 116

People's Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

was sold to appellant as the highest and best bidder, raised
an issue of fact upon which proof was necessary. There-
fore this paragraph was properly held to be good upon
demurrer. The fourth and fifth paragraphs set forth the
various contracts between appellee and the city, upon which
its claim to the exclusive franchise is based, and they pre-
sent the contention that the grant of the franchise to ap-
pellant is void, because its effect is to impair the obligation
of appellee's contract with the city. By legislative sanc-
tion the city of Frankfort was invested with the title to
its streets and alleys, and all other property of the city,
including its gasworks and waterworks; all being under
the exclusive control of the city council. By an act of
March 28, 1872 (Laws 1871-72, p. 393, c. 899), it was provided
"that the board of councilmen of the city of Frankfort be,
and they are hereby, authorized to grant, bargain, sell, and
convey, to rent or lease, any and all property, or any part
thereof, belonging to said city of Frankfort, be the same
lands, tenements, goods, chattels, or franchises, or immuni-
ties, on such terms, and for such sums, and at such times,
as said board of councilmen shall deem for the best in-
terest of said city of Frankfort."

We find in appellee's charter the following provisions:
"Said company shall furnish gas light or electric light to
any person on such terms as the company and such person
may agree upon, and any such contract shall be obligatory
and enforceable in any proper court in this Commonwealth"
—and, further, that the appellee company shall have author-
ity "to put up lamp posts and electric lights, and that said
gas and electric lights shall be furnished to the city at a
reasonable price per light per annum, as may be agreed
on." It is contended for the appellee that these provisions
of its charter, considered with those of the charter of the

city, conferred upon the city ample power to grant appellee the exclusive franchise asserted by it; and it is conceded by the special judge that some of the authorities cited by counsel for appellee tend strongly to support that contention, though he properly, as we think, declined to accept that view. We agree with him that the question of whether the city has the power to grant an exclusive franchise, such as is claimed by appellee is this case, is not before us for decision. In our opinion, it did not, by its several contracts with the city, obtain the exclusive franchise claimed for it, even though it be conceded that the city was authorized to grant it.

The Southern Gasworks Company, appellee's assignor, made the original contract with the city, under which appellee claims title to the franchise asserted by it. It is clear that the charter of the Southern Gasworks Company provided only for the furnishing of gaslight. It conferred no authority to use any light other than gaslight, and its contract with the city was to furnish only gaslight; indeed, it was unprepared to furnish any other. We therefore further agree with the special judge that the contract which granted, or attempted to grant, to that company the exclusive right to the use of the streets of the city for the purpose of supplying "gas or other illuminating light" was void as to "other illuminating light."

An examination of the charter of appellee will show that it did confer power to make and supply electricity, and to accept from the city a grant of the use of its streets for that purpose; and the city having carried out its contract with the Southern Gasworks Company, by executing a deed to appellee, as its assignee, conveying to it the gasworks, and the exclusive use of the streets of the city for supplying "gas or other illuminating light," it becomes im-

90 KENTUCKY REPORTS. [Vol. 116

People's Elec. Light & Power Co. v. Capital Gas & Elec. Light Co.

portant to determine the effect of that deed. It will be borne in mind that the Southern Gasworks Company did not, in its contract with the city, undertake to erect an electric plant, or to supply electric light to the city or its inhabitants. It did, however, undertake to issue $40,000 worth of bonds, and to improve the gasworks, extend the mains, and supply gas to the city and other consumers at agreed prices specified in the contract. The appellee, as assignee of the Southern Gasworks Company, assumed by the deed only such obligations as rested upon the latter; nothing more. Therefore it was under no duty to erect an electric plant, or to furnish electricity to the city or its inhabitants for lighting. We do not think it was the purpose of the city to confer an exclusive right upon appellee's assignor, or upon it, to furnish electricity for the city's use and that of its inhabitants, without imposing an obligation to compel it to exercise that right.

It is contended, however, by counsel for appellee, that the incorporation of such an obligation in the contract was unnecessary, as it was required by its charter to furnish electricity for lighting purposes. We are of opinion that the provision of appellee's charter that "said company shall furnish gas or electric light to any person on such terms as the company and such person may agree upon" only expressed the duty which rests upon every corporation enjoying a public franchise to serve all alike, and does not compel the exercise of the franchise. We find that, for seven years after its right to use the streets of the city for lighting purposes was secured, appellee failed to use electricity for that purpose; and this failure to exercise its electric light franchise demonstrates that it was under no obligation to do so. Furthermore, there was no time during that seven years that it could have been compelled by the

city to furnish electric lights to it or its inhabitants; and
yet appellee insists that it had the right to prevent any
other person from doing so. We are unable to find anything
in any of the contracts between the city and appellee that
requires the latter to furnish electric lights for the use of
the city or its inhabitants. Upon the contrary, we find in
all of them that appellee has been careful not to recognize
any obligation on its part to supply electricity. There is
no ground for appellee's contention that its alleged exclu-
sive franchise was confirmed by its contract of 1893 made
with the city of Frankfort. The language of that contract
shows no purpose or attempt to confer upon appellee any
new right; and, in view of section 164 of the present Con-
stitution, it was without authority to enlarge appellee's
rights under the first contract, except by its becoming the
highest and best bidder for the additional privilege; and, be-
sides, it is by no means certain that the city had the power
to grant an exclusive franchise. In the case of City of New-
port v. Newport Light Co., 14 R., 845, 21 S. W., 645, this
court held that an exclusive gas franchise, which had been
conferred by the city upon the light company, did not con-
fer the exclusive right to supply electricity for lighting pur-
poses, though the contract authorized the light company
to substitute electricity for gas.

We do not feel called upon to consider the contention of
appellant that the grant from the city to appellee is in
perpetuity, and therefore void. It was the opinion of the
special judge that the grant is limited to forty years, be-
cause the bonds issued by appellee to the city, which are se-
cured by lien on its property and franchises, were made pay-
able in forty years. We are not disposed to question the cor-
rectness of this conclusion; but, as the pleadings make

no issue on this question, its consideration is unnecessary. Nor is it necessary to decide that the failure of appellee to exercise its alleged exclusive franchise for several years prior to January 1, 1890, worked a forfeiture thereof, as such nonuser and consequent forfeiture are not pleaded by appellant. It is manifest that the appellant's franchise is not exclusive, as the language of the ordinance granting it will show. Upon the whole case, we have found no difficulty in reaching the conclusion that neither appellant nor appellee is entitled to the exclusive franchise claimed.

For the reasons herein indicated, the judgment of the lower court is affirmed upon both the original and cross appeal.