## GILL, et al. v. HAGGERTY.

No. 1659.   Opinion Filed March 19, 1912.

(122 Pac. 641)

1.   **INDIANS—Marriage of Minor—Sale of Allotment.** The marriage of a Creek freedman under the age of 21 years does not affect the restrictions imposed by acts of Congress and treaty provisions against the sale of his allotment during minority; and a conveyance by such minor of his allotment is void, notwithstanding his marriage prior to the execution of such conveyance.

2.   **SAME—Conveyance by Minor—Evidence.** Evidence examined, and held sufficient to sustain a decree canceling certain conveyances, made by a Creek freedman, on the ground that at the time of their execution he was a minor.

3.   **SAME—Disaffirmance—Return of Consideration.** Upon the disaffirmance of a conveyance made by a minor Creek freedman, he will be required to restore such of the consideration received as remains in his hands; but such restoration will not be required where it has been wasted, disposed of, or consumed during minority, and his estate has not been benefited thereby.

(Syllabus by Brewer, C.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by Solomon Haggerty, as next friend of Thomas Haggerty, a minor, against E. W. Gill and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. M. Matthews,* for plaintiffs in error.

*G. C. Beidleman* and *Joe S. Eaton,* for defendant in error.

Opinion by BREWER, C. This is a suit to cancel certain deeds, and to quiet title. It was instituted in the district court of Okmulgee county December 18, 1908, by defendant in error, as plaintiff, against the plaintiffs in error, as defendants. Hereafter parties will be referred to as they were known in the trial court.

Thomas Haggerty, a Creek freedman, received as an allot-ment on the 1st day of March, 1906, the following lands: The S. W. ¼ of section 33, township 12 N., of range 12 E., in Okmulgee county. On the 2d day of June, 1908, the allottee executed an oil and gas mining lease to defendant Gill. On the 1st day of September, 1908, he executed a deed to Harwood Keaton and Aaron Adams for 40 acres of the land. On November 6, 1908, he executed a deed to E. W. Gill for 80 acres of the land, and a deed was on record from the allottee to Gill, dated November 7, 1908, for all of the land. This last deed the plaintiff claimed to be a forgery. He admitted signing all of the other deeds. Plaintiff alleged that at the time of signing all of the deeds and at the time of trial he was a minor under the age of 21 years, and that, therefore, the conveyances were and are void. It appears that the plaintiff, allottee, was on the 6th day of November, 1908, married to one Ludie Williams. It is alleged that the land in controversy is worth $3,000, and that the defendants paid on various instances $240. Defendants' answer denied all the allegations of the petition, except that plaintiff is a Creek freedman, that the land is his allotment, and the execution of the instruments, and averred that plaintiff represented himself to be over 21 years of age at the time of the execution of the instruments. The cause was tried to the court by agreement of the parties, and, after hearing the evidence, the court decided in favor of

the plaintiff, and made the following special finding of facts, to wit:

"And the court finds that Thomas Haggerty, the plaintiff, is the legal owner and in possession of the premises, described in his petition, to wit: The southwest quarter (S. W. ¼) of section thirty-three (33), township twelve (12) north, and range twelve (12) east of the Indian base and meridian, in Okmulgee county, state of Oklahoma, and that his title thereto is valid and perfect, and superior to any right, title, or interest claimed by the defendants, and that the defendants, or either of them, have no right, title, or interest in and to said premises. And the court further finds that at the time of the execution of the oil and gas mining lease upon said premises made by said Thomas Haggerty to the said E. W. Gill, and also at the time of the execution of the warranty deed by the said Thomas Haggerty to the said Harwood Keaton and Aaron Adams, on the 1st day of September, 1908, the said Thomas Haggerty was a minor, unmarried and under the age of 21 years. And the court further finds that the marriage of the said Thomas Haggerty to the said Ludie Williams was induced by the said Harwood Keaton and Aaron Adams, acting for and on behalf of themselves and the said E. W. Gill by overreaching the said plaintiff, and was induced by the said defendants for the purpose of defrauding the said Thomas Haggerty, as alleged in his said petition. And the court further finds that the deeds executed by the plaintiff Thomas Haggerty to the said E. W. Gill, on the 6th and 7th days of November, 1908, on the premises described in the petition, and above referred to, were obtained by overreaching the said plaintiff Thomas Haggerty, and that no adequate consideration was paid to plaintiff for said premises, so conveyed, and that said deeds were obtained by fraud. The court further finds that the said E. M. Treat is not an innocent purchaser of said oil and gas mining lease, for the reason that the same was invalid in the hands of the said E. W. Gill, and could not be lawfully transferred. And the court further finds that the said Harry D. Sweet is not an innocent purchaser of an undivided one-half (½) interest in and to said premises, for the reason that at the time of the execution of the deed from the said E. W. Gill to the said Harry D. Sweet, to wit, on the 1st day of September, 1908, the said E. W. Gill was not the owner of any interest in or to said premises. The court further finds that at the time of the execution of all the deeds and other instruments, relied upon by ·

said defendants, the said Thomas Haggerty was a minor over the age of 18 years and under the age of 21 years."

Upon the above finding of facts the court entered judgment in favor of plaintiff, settled and quieted his title against all claims and demands of defendants, canceled and set aside the various instruments, and granted a perpetual injunction against the defendants.

The defendants, as plaintiffs in error here, assign and urge the following, for reasons to reverse this cause: (1) The court erred in admitting as evidence the record of the Commission to the Five Civilized Tribes for the purpose of proving the age of the plaintiff. (2) The court erred in permitting evidence that the defendants had fraudulently induced plaintiff to marry for the purpose of procuring a conveyance of land. (3) That the decision is not supported by sufficient evidence. (4) That the court erred in not ordering a restoration of the moneys paid. (5) That they did not have a fair trial because of the conduct of the trial judge in the interrogation of witnesses in a violent and angry manner and in a way to frighten and cause the witnesses to not understand and intelligently answer the court.

(1) This objection goes to the admission of the records of the Commission to the Five Civilized Tribes on the question of the age of the plaintiff. It is not necessary to consider this question in this case. It was tried by the court without a jury, and the plaintiff, his father, mother, and a neighbor testified that at the time of the execution of the deeds, and at the date of trial, plaintiff was under the age of 21 years; that defendants offered no proof as to his age, and therefore that he was a minor when the deeds were executed is an established fact, under the uncontradicted evidence in the case, and independent of the records introduced and objected to.

(2) This objection goes to the question of the admissibility of evidence tending to show that the defendants fraudulently induced the plaintiff to marry, to the end that a conveyance could be procured of his land. This has become entirely immaterial since the decision by this court in *Jefferson v. Winkler*, 26 Okla.

653, 110 Pac. 755. In that case paragraph 3 of the syllabus reads as follows:

"A minor within the meaning of said sections includes males under the age of 21 years and females under the age of 18 years, and the marriage of such minor does not confer upon him or her the authority to sell his or her allotted lands independent of the jurisdiction and supervision of the probate courts of the state."

The fact that marriage does not of itself, howsoever lawful, remove the disability of a male Creek allottee under 21 years of age in regard to a sale of his allotment, renders it useless to discuss the very interesting question of a collateral attack on a marriage contract, and the introduction of evidence tending to show that its consummation was brought about through the fraudulent conduct of other parties expecting to profit therefrom.

(3) This objection goes to the sufficiency of the evidence, and cannot be sustained. There is abundant evidence to sustain the findings and judgment of the court.

(4) The next objection is that the court erred in not ordering a return of the money paid on the land. The evidence showing, and the court having found as a fact, that the plaintiff was a minor at the time of the execution of the deeds in this case, under the doctrine of *Blakemore v. Johnson,* 24 Okla. 544, 103 Pac. 554, the instruments were absolutely void. *Colbert v. Alfrey,* 93 C. C. A. 517, 168 Fed. 231; *Bragdon v. McShea,* 26 Okla. 35, 107 Pac. 916; *Stevens v. Elliott et al.,* 30 Okla. 41, 118 Pac. 407.

The Blakemore case, *supra,* was a case almost identical with the case at bar, and the question of return of consideration was involved as in this, and in that case the court stated the question before it as follows:

"May one who has attempted by void deed during his minority to convey his land, on attaining his majority have said deed canceled, and the cloud thereby created upon his title removed, by a proceeding in a court of equity for such purpose, without returning the consideration received by him from the grantee, where it is not shown that he has such consideration?"

The court then further says:

"Contracts of infants are as a rule voidable only, and not void; but the deed in the case at bar is void by reason of specific provisions in the statute making it so. In those cases where the contracts of infants are voidable only, there is some conflict. among authorities as to whether the infant, who, on attaining his majority, attempts to disaffirm and avoid his contract, must return the consideration received by him whether he possesses the same or not. Some of the earlier cases made no distinction in the requirements upon the infant in this respect, based upon whether he possessed the consideration at the time he attained his majority and was able to return it, or whether he had disposed of it, or for other reasons was unable to return it, and refuse on proceedings in equity, brought for the purpose of avoiding the contract, to grant him relief where no return of the consideration received was offered; but there is also another line of decisions among the early authorities, which holds that, to disaffirm and avoid such contracts, the infant should be required to return only such part of the consideration as was in his possession at the time of attaining his majority. This rule seems to be the rule most generally followed by the courts, and under it an infant is not defeated in his effort to disaffirm and avoid his contract by his inability to return the consideration received by him. *Eureka v. Edwards,* 71 Ala. 248, 46 Am. Rep. 314; *Railway Co. v. Higgins,* 44 Ark. 293; *MacGreal v. Taylor,* 167 U. S. 688, 17 Sup. Ct. 961, 42 L. Ed. 326."

. See, also, *Colbert v. Alfrey,* 93 C. C. A. 517, 168 Fed. 231.

There is not a word of proof in this case that would indicate that the plaintiff was in possession of any of the money defendant claimed to have paid him, or that his estate had been in any way benefited by such payment. Reading the entire record, it is reasonably apparent that he was not. The defendant Gill on the stand claimed that the payments he had made were of small sums at various times in cash. He had no paid checks, receipts, book entries, or other evidence of payment. After stating in his testimony about making a payment in cash, Gill then adds: "I guess it is good for $100. I let him have $100; it ran along for about a week, monkeying around and spending the money." Other parts of the evidence show the plaintiff to be a young, ignorant, uneducated negro boy; that whatever was paid

him from time to time was in small sums of cash, and he would stay in town and spend it, then want a little more money.

The rule announced by this court in *International Land Co. v. Marshall,* 22 Okla. 693, 98 Pac. 951, 19 L. R. A. (N. S.) 1056, does not apply under the pleading and proof in this case. It is true the defendant Gill alleged in his answer that plaintiff had stated to him that he was 21 years of age, and on the witness stand he testified that plaintiff had so stated, but there is no testimony or claim in the evidence that these statements were relied upon or acted upon or misled the defendants. The truth is, as clearly shown by the record, the defendants tried the case upon the theory that the first conveyances were invalid, and grounded their right to recover on the instruments taken after the minor's marriage. The real legal battle fought out was waged around the question of the conduct of defendants in procuring for the boy a wife, whom he had never seen or heard of, and with whom none of the parties claimed to be acquainted; then going to the country where the plaintiff was picking cotton and bringing him to town, getting him a license and taking him to defendant's office, where he went through the mockery of a marriage with a woman he had never seen, and who, as soon as the young negro signs new deeds, disappears, and is never seen by the plaintiff again. This much is only said to show the real theory upon which the case was tried, as the manner of his marriage, or any connection defendants may have had with it, are unimportant now.

(5) The question raised by defendants as to the conduct of the trial judge in examining their witnesses need not be specially considered here. The marriage of the plaintiff affording no validity to the deeds, no other conclusion could have been correctly arrived at by the court than the one announced by it, and for the reasons given the cause should be in all things affirmed.

The death of Thomas Haggerty having been suggested, this cause was on January 23d revived in the name of Solomon Haggerty, as next friend of Thomas Haggerty, minor.

By the Court: It is so ordered.