## DODD v. COOK.

No. 2915.   Opinion Filed December 20, 1913.

(137 Pac. 348.)

**INDIANS** — Conveyances of Allotment — Married Female Minor.   The marriage of a female member of the Choctaw Tribe of Indians, under the age of eighteen years, does not affect the restrictions imposed by the act of Congress against the sale of her allotments during minority, and a conveyance by such minor of her allotments without the supervision of the probate court is void, notwithstanding her marriage prior to the execution of such conveyance.

(Syllabus by Harrison, C.)

*Error from District Court, Choctaw County; .*
*Tom D. McKeown, Judge.*

Action by G. W. Dodd against R. L. Cook.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*H. A. Ledbetter* and *Cocke & Willis,* for plaintiff in error.

*Howe & Stanley,* for defendant in error.

Opinion by HARRISON, C.   This was an action in ejectment by G. W. Dodd against R. L. Cook for possession of a certain tract of land situated in Choctaw county.   The plaintiff alleged that he had the legal estate in fee simple and equitable estate in and to the land in question and was entitled to immediate possession of same; that defendant had unlawfully kept him out of possession to his detriment in the sum of $200.   Defendant answered by general denial, and the cause was tried by a jury, resulting in a judgment for defendant, and plaintiff appeals.

The decisive facts involved are:   That one John Gore, a half-blood Choctaw Indian, died prior to November, 1904; that he left surviving him only one heir at law, Minnie Gore, a quarter-blood, who inherited her father's allotment.   In November, 1904, Minnie Gore executed a deed to the land in question to G. W.

Dodd. At the time of the execution of the deed, however, she was a minor, but was married to one Gaskell and executed the deed in the name of Minnie Gaskell, *nee* Gore. The question, then, is whether this deed, conveying the land in question to G. W. Dodd, while she was a minor, although she was a married woman, was a valid conveyance. If not, then the plaintiff, G. W. Dodd, had no title or estate in the land in question and no right of possession.

The question of the validity of a deed executed by a minor of any one of the Five Civilized Tribes was before this court in the case of *Jefferson v. Winkler*, 26 Okla. 653, 110 Pac. 755, where, in an opinion by Justice Hayes, after a careful review of the treaty and statutory provisions relating to such question, the court held:

"A minor within the meaning of said section includes males under the age of 21 years and females under the age of eighteen years, and the marriage of such a minor does not confer upon him or her the authority to sell his or her allotted lands independent of the jurisdiction and supervision of the probate courts of the state."

Also in the case of *Gill v. Haggerty*, 32 Okla. 407, 122 Pac. 641, the same question was before this court, and in an opinion by Brewer, C., the court held:

"The marriage of a Creek freedman under the age of 21 years does not affect the restrictions imposed by the acts of Congress and treaty provisions against the sale of his allotment during minority; and a conveyance by such minor of his allotment is void, notwithstanding his marriage prior to the execution of such a conveyance."

In both the foregoing cases the various treaty provisions and acts of Congress pertaining to the rights of minors to convey their allotment without the supervision of the probate courts, notwithstanding such minor may have been married at the time of the conveyance, are exhaustively discussed and a conclusion reached that a conveyance of this character, by a minor, although such minor may have been married at the time, conveys no title to the land in question and gives no right or interest to the grantee of such land.

It follows, therefore, that the deed executed by Minnie Gaskell, *nee* Gore, to G. W. Dodd, while she was yet a minor, although married, conveyed no title to the land and gave the grantee no interest in or to same.

The remaining questions presented by plaintiff in error, being based upon the contention that the deed to Dodd was valid, become unnecessary to determine. For, if Dodd had no title or interest in the land, he had no right of action.

The judgment, therefore, should be affirmed.

By the Court: It is so ordered.