BARBRE et al. v. HOOD.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1916.)

No. 4429.

1. INDIANS ⬤15—ALIENATION OF LANDS—CONVEYANCE BY "MINOR."

Act May 27, 1908, c. 199, § 1, 35 Stat. 312, relative to the Five Civilized Tribes, discharges lands allotted to intermarried whites, freedmen, and Indians of less than half Indian blood, including minors, "from all restrictions." Section 2 defines the term "minor" or "minors," as used therein, as including all males under the age of 21 years and all females under 18. Section 4 subjects the lands from which restrictions are removed to taxation and all other civil burdens, as though the property of other persons than allottees of the Five Civilized Tribes, but provides that such allotted lands shall not be subjected or held liable to any personal claim or demand against the allottees arising or existing prior to the removal of the restrictions. Section 6 provides that the persons and property of minor allottees shall, except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of Oklahoma, empowers the Secretary of the Interior to appoint representatives to investigate the conduct of guardians, authorizes such representatives to report any dereliction of duty by guardians to the probate court and prosecute any necessary remedy to protect the interests of such allottees, requires them to make full and complete reports to the Secretary of the Interior, and authorizes the probate courts to appoint such representatives as guardians. Rev. Laws Okl. 1910, § 885, requires the restoration of the consideration received, or payment of its equivalent, with interest, as a condition to the disaffirmance of a contract of a minor over the age of 18 years. Held, that the deed of an allottee, executed when he was a minor, and not by a guardian acting under the authority of the court having jurisdiction, was void, and compliance with the conditions prescribed by the state law was not required, since, construing sections 1 and 4 in connection with sections 2 and 6, it is clear that Congress did not intend wholly to relinquish its care for such Indians and their allotments and to subject them to conditions inconsistent with those expressed in its statute.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. ⬤15.

For other definitions, see Words and Phrases, First and Second Series, Minor.]

2. INDIANS ⬤28—PROBATE JURISDICTION OF STATE COURTS.

The provision of Act May 27, 1908, § 6, that the persons and property of minor allottees of the Five Civilized Tribes shall, "except as otherwise specifically provided by law," be subject to the jurisdiction of the probate courts of Oklahoma, refers to the federal laws, and not to state laws.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 21; Dec. Dig. ⬤28.]

3. INDIANS ⬤28—PROBATE JURISDICTION OF STATE COURTS.

The jurisdiction over the persons and property of minor allottees of the Five Civilized Tribes, conferred upon the probate courts of Oklahoma by

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Act May 27, 1908, § 6, is exclusive of that of other tribunals, and is to be exercised in the customary way, through guardians or curators.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 21; Dec. Dig. ⊚⇒28.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action by J. A. Barbre and another against L. E. Hood. Decree in favor of defendant (214 Fed. 473), and plaintiffs appeal. Affirmed.

James C. Denton, of Muskogee, Okl. (Frank Lee, of Muskogee, Okl., on the brief), for appellants.

Fred A. Fulghum, of Tulsa, Okl., and Gilbert M. Gander, of Coffeyville, Kan. (Charles B. Rogers, of Tulsa, Okl., on the brief), for appellee.

Malcolm E. Rosser, William S. Cochran, George S. Ramsey, and Edgar A. De Meules, all of Muskogee, Okl., amici curiæ.

Before HOOK, Circuit Judge, and ELLIOTT and YOUMANS, District Judges.

HOOK, Circuit Judge. [1] This suit involves the title to 20 acres of land in Nowata county, Okl., a part of the surplus allotment to Willie Merrill as a minor freedman citizen of the Cherokee Nation of Indians. Both the appellants and the appellee claim under Merrill, the allottee; the former by a warranty deed April 23, 1910, when he was a minor between 20 and 21 years of age, and the latter by a similar deed September 3, 1910, when he was of full age. The question presented is whether the first deed, made by the allottee during minority, is void, or merely voidable. In other words, did Act May 27, 1908, 35 Stat. 312, relating to the Five Civilized Tribes, so free the minor and his allotment from federal disabilities and restrictions as to admit of the application of a state statute (section 885, Rev. Laws Okl. 1910) which prescribes the restoration of the consideration received, or payment of its equivalent, with interest, as a condition to the disaffirmance of a contract of a minor over the age of 18 years? An argument is also made upon the common law; but no reason is perceived for holding it tenable, if the state statute on the same subject does not apply.

Sections 1, 2, 4, and 6 of the act of May 27, 1908, bear upon the controversy. Section 1 discharges lands allotted to intermarried whites, freedmen, and Indians of less than half Indian blood, including minors, "from all restrictions." Section 2 defines the term "minor" or "minors," used in the act, as including all males under the age of 21 years and all females under the age of 18 years. Section 4 subjects the lands from which restrictions are removed to taxation and all other civil burdens as though the property of other persons than allottees of the Five Civilized Tribes. Section 6 provides:

"That the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of the state of Oklahoma."

It also empowers the Secretary of the Interior to appoint representatives to inquire into and investigate the conduct of the guardians.

of the estates of such minors, and provides that if the representatives are of opinion that the estate of any minor is not being properly cared for, or is being dissipated, wasted, or permitted to deteriorate by the guardian's carelessness or incompetency, they shall report the matter to the proper probate court, take necessary steps to have it fully investigated, and "go to the further extent of prosecuting any necessary remedy, either civil or criminal, or both, to preserve the property and protect the interests of said minor allottees." They are also to make full and complete reports to the Secretary of the Interior. The probate courts are authorized to appoint the Secretary's representatives as guardians, without fee or charge. Additional provisions are made in the same section for minor allottees having lands from which the restrictions were not removed, but the foregoing embraces minors of the class to which Willie Merrill belonged.

[2] Sections 1 and 4 are to be construed with 2 and 6, not independently, with the result that minors like Willie Merrill and their allotments, though released from all restrictions imposed by prior acts of Congress, were thenceforth to be governed by the limitations of that act. It is manifest that the definition of minority in section 2 and the provisions of section 6 respecting guardians, committing jurisdiction to the local probate courts, and for continued oversight by the Secretary of the Interior and his representatives, show that Congress did not intend wholly to relinquish its care for such Indians and their allotments. It is also clear that the intent of the act of Congress must prevail over local statutes, wherever inconsistent or conflicting. The phrase "except as otherwise provided by law," in section 6, means federal law, not state law. Truskett v. Closser, 236 U. S. 223, 35 Sup. Ct. 385, 59 L. Ed. 549, affirming 198 Fed. 835, 117 C. C. A. 477. That case involved the validity of a lease by a Cherokee allottee of less than half Indian blood, made when he was between 20 and 21 years of age. A state district court, acting under authority of a state statute, had conferred upon him the rights of majority, and the emancipation so obtained was urged to sustain the lease. We held the decree of the state court and the lease inconsistent with the act of Congress and void. The decision was affirmed by the Supreme Court, which cited with approval Jefferson v. Winkler, 26 Okl. 653, 110 Pac. 755, holding void a conveyance by a minor Indian girl, though by state law she was emancipated by marriage; also Tirey v. Darneal, 37 Okl. 606, 133 Pac. 614, a similar case, in which the court said that the provision of section 6 committing jurisdiction to the state probate courts was in the nature of a restriction upon alienation, removable only by a proceeding in one of those courts, and that alienations contrary thereto were absolutely void. See also Tirey v. Darneal, 37 Okl. 611, 132 Pac. 1087.

[3] The continued interest of the government in the welfare of the Indians is further evidenced by the provision in section 4 of the act of May 27, 1908, that:

"Allotted lands shall not be subjected or held liable, to any form of personal claim, or demand, against the allottees arising or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law"

Section 6 definitely commits the persons and property of the minors to the jurisdiction of the state probate courts. The jurisdiction so intrusted was exclusive of that of other tribunals, as, for example, of the local district courts to confer rights of majority upon minors, and was to be exercised in the customary way, through guardians or curators. Were it otherwise, the careful provisions of the section for protective oversight by the Secretary of the Interior and his representatives could easily be made of no avail. The deed of the allottee, executed when he was a minor, and not by a guardian acting under the authority of the court having jurisdiction, is void. To sustain the validity of such conveyances by estoppel, or to hold them effective until compliance with conditions not prescribed by Congress, would impair and in some cases wholly defeat the policy of the government with respect to the Indians.

Bailey v. King, 157 Pac. 763, recently decided by the Supreme Court of Oklahoma, does not help the appellants. There the court held valid a lease by the guardian of a Choctaw minor of less than half Indian blood without an order of approval of the court of probate. The stated ground of decision was the rule that, except when otherwise required by statute, a general guardian regularly appointed and qualified may lease the lands of his ward during minority and the continuance of his guardianship without an order of the court, and that there was no Oklahoma statute to the contrary when the lease in question was made.

The decree is affirmed.