ETCHEN et al. v. CHENEY et al.

(Circuit Court of Appeals, Eighth Circuit. July 29, 1916.)

No. 4583.

1. INDIANS ⬤⟿15(1)—LANDS—CONVEYANCE BY MINOR.
    Under Act May 27, 1908, c. 199, § 1, 35 Stat. 312, deeds of Indian minors to allotment lands in Oklahoma, made without authority of the proper probate court, are void.
    . [Ed. Note.—For other cases, see Indians, Cent. Dig. § 37; Dec. Dig. ⬤⟿15(1).]

2. INDIANS ⬤⟿16(1)—LANDS—LEASE BY GUARDIAN.
    An oil and gas lease, executed by the guardian of an Indian minor in Oklahoma and approved by the proper probate court, is valid for its term, although the minor reaches majority before its expiration, and gives the lessee the right of possession, although the land is at the time in possession of another, claiming under a void deed from the minor.
    [Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. ⬤⟿16(1).]

3. CHAMPERTY AND MAINTENANCE ⬤⟿7(3)—CHAMPERTOUS CONTRACT—OIL LEASE.
    Under the law of Oklahoma, by which an oil and gas lease creates only an incorporeal hereditament, such a lease is not within the champerty laws.
    [Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 84–110; Dec. Dig. ⬤⟿7(3).]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit in equity by H. G. Cheney, C. C. Harmon, A. F. Vandersall, John Jelinek, and E. K. Cheney against David Etchen and W. C. Drumm. Decree for complainants, and defendants appeal. Affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James C. Denton, of Muskogee, Okl. (William S. Cochran, of Tulsa, Okl., on the brief), for appellants.

James A. Veasey, of Tulsa, Okl. (J. Wood Glass and E. B. Lawson, both of Nowata, Okl., and Roger S. Sherman and J. P. O'Meara, both of Tulsa, Okl., on the brief), for appellees.

Before SMITH and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. The appellees, hereafter called plaintiffs, being in possession of certain land located in the county of Nowata, Okl., commenced this action against appellants, hereafter called defendants, for the purpose of restraining the defendants from entering upon said land or otherwise interfering with the possession of the plaintiffs. The defendants answered the complaint, and also filed a cross-complaint. The case came on for hearing upon pleadings, proofs, and the master's report. The court at this hearing granted plaintiffs the relief prayed for. Before a decree was entered the defendants, on leave granted, filed a supplemental answer and cross-complaint. After issue joined the case again came on for hearing, and the court, adhering to its prior opinion, rendered a decree for the plaintiffs. Defendants appealed.

Plaintiffs and defendants claimed the right to the peaceable possession of the land in controversy under certain conveyances executed by the owner thereof, one Frank C. Elliott, who obtained title to the same May 29, 1906, by patent from the Cherokee Nation of Indians. The conveyances obtained by plaintiffs are as follows: (1) An oil and gas lease executed by Edmund Elliott, guardian of Frank C. Elliott, dated January 14, 1911, approved the same day by William F. Gilluly, county judge. This instrument was duly recorded January 20, 1911. (2) An oil and gas lease executed by Frank C. Elliott in person January 26, 1911, and recorded January 27, 1911. The conveyances obtained by defendants are as follows: (1) A warranty deed dated November 4, 1910, executed by Frank C. Elliott in person to one Peevehouse. (2) A quitclaim deed from Peevehouse to David Etchen, the real defendant in this action, dated December 1, 1910. (3) A warranty deed from Frank C. Elliott in person to David Etchen, dated January 2, 1911. (4) A warranty deed from Frank C. Elliott in person to David Etchen, dated June 14, 1911. (5) Warranty deed from Frank C. Elliott to David Etchen, dated January 3, 1912.

[1] The enrollment record introduced in evidence showed the date of the enrollment of Frank C. Elliott, an Indian, to be October 16, 1900, and his age at that time to be 10 years. On this evidence the trial court found that Elliott became 21 years of age October 16, 1911. The master found when the case was last before him that Elliott was born January 26, 1890, and reached his majority January 26, 1911. The finding of the master must stand, although it makes no material difference in this case which day is taken. We held in McDaniel and Paraffine Oil Co. v. Robert L. Holland (No. 4461), 230 Fed. 945, —— C. C. A. ——, that the date of enrollment, standing alone, was not evidence that a particular Indian was born on that day. Deeds of In-

dian minors, made without the authority of the proper probate court in Oklahoma, are void under Act Cong. May 27, 1908, c. 199, 35 Stat. 312. Barbre v. Hood, 228 Fed. 658, 143 C. C. A. 180 (8th Cir.); Truskett v. Closser, 198 Fed. 835, 117 C. C. A. 477; Id., 236 U. S. 223, 35 Sup. Ct. 385, 59 L. Ed. 549; Jefferson v. Winkler, 26 Okl. 653, 110 Pac. 755; Barbre v. Hood (D. C.) 214 Fed. 473; Priddy. v. Thompson, 204 Fed. 955, 123 C. C. A. 277 (8th Cir.); Bell v. Cook (C. C.) 192 Fed. 597; Reid v. Taylor, 43 Okl. 816, 144 Pac. 589; Tirey v. Darneal, 37 Okl. 606, 133 Pac. 614; Tirey v. Darneal, 37 Okl. 611, 132 Pac. 1087. The following Oklahoma cases are also in point: Kirkpatrick v. Burgess, 29 Okl. 121, 116 Pac. 764; Gill v. Haggerty, 32 Okl. 407, 122 Pac. 641; Yarbrough v. Spalding, 31 Okl. 806, 123 Pac. 843; Bruner v. Cobb, 37 Okl. 228, 131 Pac. 165; Dodd v. Cook, 41 Okl. 105, 137 Pac. 348; Cochran v. Teehee, 40 Okl. 388, 138 Pac. 563.

This being the law, the conveyances under which the defendants claim, dated November 4, 1910, December 1, 1910, and January 2, 1911, are void. The oil and gas lease under which plaintiffs claim, dated January 14, 1911, and made by the guardian of Elliott, with the approval of the county judge, is valid, and, even if not, then the lease executed by Elliott in person and dated January 26, 1911, the date on which he reached his majority. Both of these leases were on record at the time the deeds dated June 14, 1911, and January 3, 1912, respectively, were executed by Elliott to Etchen.

[2] The lease of January 14, 1911, duly approved by the county court, was a valid lease for its full term of five years and so long thereafter as oil and gas continued to be found in paying quantities, notwithstanding the fact that Frank C. Elliott reached his majority on January 26, 1911. Cabin Val. Min. Co. v. Hall (Okl.) 155 Pac. 570; Mallen et al. v. Ruth Oil Co. et al., 231 Fed. 845, —— C. C. A. —— (8th Cir.). If the lease was voidable by Elliott after he reached his majority, there is no evidence that he ever did anything to avoid it. The lease of January 26, 1911, the day on which Elliott reached his majority, must be held to be confirmatory of the lease of January 14, 1911. These leases gave the plaintiffs the right to enter upon the land in question to explore for oil and gas, and we agree with the trial court that the circumstances under which the lease of January 14, 1911, was given, including the approval thereof by the county court, made the transaction in the nature of a judicial sale. Morrison v. Burnette, 154 Fed. 617, 83 C. C. A. 391; Laurel Oil & Gas Co. v. Galbreath Oil & Gas Co., 165 Fed. 162, 91 C. C. A. 196. And therefore the fact that at the time the lease was executed the land was in the possession of Etchen would not render the lease by the guardian a champertous transaction.

[3] The possession of Etchen of the land in question when the leases of January 14 and 26, 1911, were executed was under void deeds, and to hold that his possession could defeat a lease lawfully made would result in nullifying the laws of Congress relating to Indian lands. Ashton v. Noble (Okl.) 148 Pac. 1042. The possession of Etchen was also during the minority of Elliott, and therefore not ad-

verse. Moore v. Baker, 92 Ky. 518, 18 S. W. 363. An oil and gas lease creates only an incorporeal hereditament under the decisions of Oklahoma, and therefore such a lease is not within the champerty laws. Kolachny v. Galbreath, 26 Okl. 772, 110 Pac. 902; Frank Oil Co. v. Belleview Oil & Gas Co., 29 Okl. 719, 119 Pac. 260, 43 L. R. A. (N. S.) 487; Priddy v. Thompson, 204 Fed. 955, 123 C. C. A. 277; Hegan v. Pendennis Club (Ky.) 64 S. W. 464; Williams v. Poole (Ky.) 103 S. W. 337; Coleman v. Manhattan Beach Improvement Co., 94 N. Y. 229; Corning v. Troy Iron Co., 40 N. Y. 191; Sherwood v. Burr, 4 Day (Conn.) 244, 4 Am. Dec. 211; People's Electric Co. v. Capital Gas Co., 116 Ky. 76, 75 S. W. 280; Armstrong v. Caldwell, 53 Pa. 284.

The lease made by Elliott on October 16, 1911, to Hugh M. Branson, and subsequently assigned to the plaintiffs, was not an abandonment of the lease of January 14, 1911. It was evidently executed for the purpose of confirming the rights of the plaintiffs as lessees of the land; it being assumed, no doubt, as the court below held, that Elliott reached his majority on October 16, 1911. The court below also finds that Elliott knew, when he executed the lease of October 16, 1911, to Branson, that Branson was taking the lease and any and all rights it purported to convey for the use and benefit of the plaintiffs, and understood and intended that the lease should be effective as a ratification and affirmance of the prior lease by his guardian.

The other errors assigned have been duly considered and are found to be without merit.

The decree was for the right party and should be affirmed; and it is so ordered.