## TIREY et al. v. DARNEAL.

No. 2808. Opinion Filed June 11, 1913.

(133 Pac. 614.)

1. INDIANS—Alienation of Allotments—Removal of Restrictions. Section 6 of the Act of Congress of May 27, 1908 (35 St. at L. 312, c. 199), providing that the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the control and jurisdiction of the probate (county) courts of the state of Oklahoma, is in the nature of a restriction, by Congress, on the alienation of land belonging to minor allottees, and as such can only be removed by a regular proceeding as provided by statute, through the instrumentality of the county court, and a deed executed by a minor, even though married, without any attempt to comply with such law, is void.

2. SAME—Void Deed—Right of Action—Condition Precedent. Where such a void deed is executed, the grantor is not required to refund the consideration therefor before asking relief in equity.

(Syllabus by Robertson, C.)

*Error from District Court, Haskell County; Malcolm E. Rosser, Judge.*

Action by Elias Darneal, an infant, etc., against L. C. Tirey and others to cancel a deed. Judgment for plaintiff, and defendants bring error. Affirmed.

*Clark & Crittenden,* for plaintiffs in error.
*Frederick & King,* for defendant in error.

Opinion by ROBERTSON, C. Elias Darneal, the defendant in error, is a Choctaw Indian by blood, and received as a

part of his allotment as such Choctaw citizen the southeast quarter (S. E. ¼) and the southeast quarter (S. E. ¼) of the southeast quarter (S. E. ¼) of the southwest quarter (S. W. ¼) of section 2, township 8 north, range 19 east of Indian base and meridian in Haskell county, Okla., to which a patent had been duly executed and delivered him; on July 28, 1908, he, being then under the age of 21 years, but at the time a married man and the head of 'a family, joined by his wife, Ida Darneal, executed to L. C. Tirey, one of the plaintiffs in error, his warranty deed to the premises above described. On August 7, 1907, Tirey sold a portion of the land to W. M. Shelton, and the balance to Ike Wheat. On December 2, 1909, the defendant, Elias Darneal, by his guardian, C. T. Mitchell, filed a petition in the district court of Haskell county, praying for the possession of the land above described, and for the cancellation of the deed; after several preliminary motions had been disposed of Tirey, on the 20th. day of August, 1910, filed his separate answer to plaintiff's petition, which, besides being a general denial, alleged that at the time Darneal and his wife executed the deed to him they were husband and wife, living together as such; that the contract was made and entered into in good faith by all parties concerned; that they were legally authorized to make and enter into the same; that he paid Darneal $1,500 for the land; that since receiving the deed as aforesaid he had conveyed the same to W. M. Shelton and Ike Wheat; that improvements to the value of $1,500 had been placed thereon, and prayed that the plaintiff be required to reimburse them to that extent before he should be entitled to ask relief in equity. Shelton and Wheat, the grantors of Tirey, answered by general denial. The cause was tried to the court, aided by a jury, and on December 6th a judgment was entered canceling the deeds hereinbefore referred to, and finding that the defendants had placed improvements on said land since the purchase thereof, which had enhanced the value of said land exclusive of the value of rents thereof, in the sum of $1,210, and it was therefore ordered and adjudged, that the defendants. have and re-

cover from the plaintiff the sum of $1,210, and the same was declared a lien on the rents and property.

After a motion for a new trial had been overruled, the defendants took time to make and serve a case-made, and complain here of the judgment: First that the court committed error in refusing to require of plaintiff to refund the purchase price of $1,450; and, second, that the court erred in refusing to require the plaintiff to return to the defendant Tirey certain property that he received from him as a consideration for the land in controversy. The defendant in error in his brief answers these allegations by insisting that at the time the deed was made to Tirey, he (being under the age of 21 years) had no power or authority to sell the land without proceedings in, and sanction of, the county court, neither of which was had, and that therefore the deed, so made to Tirey, was absolutely void; and, second that even though Darneal should have been required to refund the property received by him for the land, the answers contain no allegation that the plaintiff had any of the money, or the property received by him for the land in his possession at the time the answers were filed, and the only proof in the case on this point showed that he did not have any of the money or property received for the land, and that therefore there was no error in the judgment of the lower court.

The deed was void; of that there can be no doubt. Section 6 of the Act of Congress approved May 27, 1908 (35 St. at L. 313, c. 199), which deals with the subject of the removal of restrictions from lands of allottees of the Five Civilized Tribes, provides that the persons and property of minor allottees of said Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the control and jurisdiction of the probate courts of the state of Oklahoma. This provision of that act is in the nature of a restriction, by Congress, on the alienation of land belonging to minor allottees, and can be removed only by a regular proceeding, provided by statute, through the instrumentality of the county court. It has long been the policy of Congress, upheld universally by the courts, that the aliena-

tion of restricted Indian allotments was not only prohibited, but all such attempted conveyances were absolutely void. As was said above, this conveyance by Darneal to Tirey, by reason of the provision of the act of Congress, *supra,* was not voidable, but absolutely void. Plaintiffs in error admit this, and urge this appeal, not on the grounds that they are entitled to an interest in the land by reason of a *voidable* transfer, but on the theory that an infant is liable for necessaries furnished him and his family, and urge that the consideration paid Darneal for the land was used by him for this purpose and that therefore he should have been compelled to return the purchase price before asking the removal of the cloud from his title, cast thereon by the void deed to Tirey. The doctrine that an infant is liable for necessaries is one recognized by this court, and well established by reason and precedent (*Muskogee Development Co. v. Green,* 22 Okla. 237, 97 Pac. 619, and cases therein cited), but it has no application to this case, and it is sufficient to say that this case does not come within the reason or purpose of that rule, for that the consideration was not paid for the purpose of procuring or providing necessaries for Darneal's family. Neither is it shown, at the time the answers were filed, or the case was tried, that Darneal had in his possession any of the consideration paid him for the land. This in itself would have been sufficient reason for not requiring him, in this action, to refund the purchase price or property received by him from Tirey.

But it is unnecessary to give further consideration to that theory for the reason that this deed was absolutely void, and as was said by Justice Hayes, in *Simmons v. Whitting,* 27 Okla. 356, 112 Pac. 1018:

"If the deeds made before the removal of restrictions were only voidable, there might be some support for this contention, but they are absolutely void, because prohibited by law. They bind no one. In legal effect they are nothing; and knowledge of their existence conveyed no notice of the rights of any one, because no one can claim any rights under them."

Vol. 37—39.

The interpretation of the Act of Congress of May 27, 1908, *supra*, is also found in *Jefferson v. Winkler*, 26 Okla. 653, 110 Pac. 755, where in the syllabus it is said:

"A minor within the meaning of said sections includes males under the age of 21 years and females under the age of eighteen years, and the marriage of such minor does not confer upon him or her the authority to sell his or her allotted lands independent of the jurisdiction and supervision of the probate courts of the state."

In the last-named case Rebecca Johnson, a Creek freedman under the age of eighteen years, had made a deed to her allotment to Winkler, without the supervision or authority of the probate court. The court, speaking of Winkler's rights under such a deed, said:

"It, therefore, follows that, since Rebecca Johnson was not eighteen years of age at the time she conveyed the land in controversy to defendant in error, and the sale to him was not made under the supervision and order of any probate court of the state, he acquired no title thereby, and has not sufficient interest in the lands in controversy to entitle him to maintain this action."

See, also, *Rogers v. Niel et al.*, 34 Okla. 238, 124 Pac. 976; *Howard v. Farrar*, 28 Okla. 490, 114 Pac. 695, and cases therein cited; also, *Gill v. Haggerty*, 32 Okla. 407, 122 Pac. 641.

The principles enunciated in the foregoing cases control in the case at bar, and we therefore hold that the pretended deed from Darneal to Tirey was absolutely void, and, this being true, Darneal could not be compelled to refund the purchase price, especially since it is not shown that he had any part thereof in his possession at the time the answers were filed and the case tried, and the court committed no error in so holding. If the deed was void, the rule of law urged by counsel for plaintiffs in error, with reference to voidable contracts, has no application.

For the reasons stated, the judgment of the district court of Haskell county should be affirmed.

By the Court: It is so ordered.