## *MULLEN *et al.* v. PICKENS *et al.*

No. 6020.   Opinion Filed February 29, 1916.

(155 Pac. 871.)

**INDIANS—Deed Conveying Allotted Lands—Concellation of Allotment—Subsequently Acquired Allotment—Specific Performance.**   A warranty deed from a restricted full-blood Choctaw Indian of September 23, 1905, whereby she conveyed all her interest in and to the theretofore selected allotment of her deceased mother, and which deed contained a provision "that I further warrant and covenant with the said 'J. S. Mullen and L. V. Mullen and W. M. Bonner that if for any reason the allotment of the said Eliza Bell, deceased, as described be canceled, set aside, and held for naught, and afterwards be filed at any point in the Choctaw or Chickasaw country, that this deed and its warranties and covenants shall apply to said lands so hereafter selected the same as if it were described in this instrument, and if it be necessary for me to hereafter execute the deed to the lands so selected, I hereby covenant and warrant to the said J. S. Mullen and L. V. Mullen, their heirs, legal representatives, and assigns that I will so execute said deed," did not by virtue of said provision, when subsequent thereto the selection of the land particularly described in the deed was canceled and annulled by the proper authorities, convey an equitable title to such after-allotted land, concerning which Malinda Pickens will be required to specifically perform; and where the pleadings show the above state of facts, it is not error for the court to sustain demurrer to the answer and award judgment for the plaintiff.

(Syllabus by Watts, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by Malinda Pickens and another against J. S. Mullen and others.   Judgment for plaintiffs, and defendants bring error.   Affirmed.

*H. A. Ledbetter,* for plaintiffs in error.

*Kent V. Gay* and *C. S. Arnold,* for defendants in error.

*Appealed to the Supreme Court of the United States.
3—56

Opinion by WATTS, C.  Defendants in error Pickens and Bell sued plaintiffs in error J. S. and L. V. Mullen, W. M. Bonner, Will Trout, and others in the district court of Grady county to clear title to and recover possession of certain real estate.  The petition charges that Malinda Pickens and Frances Bell are enrolled as full-blood Choctaw Indians and are the owners of the legal and equitable estate and entitled to immediate possession of certain real estate (omitting description), which was allotted to their mother, Eliza Bell, who died February 12, 1905, leaving them as her sole heirs; that defendants are in unlawful possession collecting rents; and further charging that on October 30, 1912, defendants had recorded in the office of the register of deeds of Grady county a warranty deed from Malinda Pickens to Mullen, Mullen, and Bonner, executed September 23, 1905, copy of which is attached to the petition, and that also on October 30, 1912, they had recorded in the office just mentioned an affidavit of F. M. Adams, which purported to construe the deed, a copy of which affidavit is attached to the petition; that said instruments are void and did not convey the land in controversy, but are clouds on the title; praying judgment, etc. The deed attached is in the usual form, but contains the following clause:

"That I further warrant and covenant with the said J. S. Mullen and L. V. Mullen and W. M. Bonner that if for any reason the allotment of the said Eliza Bell, deceased, as described be canceled, set aside, and held for naught, and afterwards be filed at any point in the Choctaw or Chickasaw country, that this deed and its warranties and covenants shall apply to said lands so hereafter selected the same as if it were described in this instrument, and if it be necessary for me to hereafter execute the deed to the lands so selected, I hereby covenant and

warrant to the said J. S. Mullen and L. V. Mullen, their heirs, legal representatives, and assigns that I will so execute said deed."

The affidavit shows, among other things, the description of the land contained in the deed, and also description of the subsequent allotment (same as in the petition), and that the deed was filed for record March 10, 1906, in recording district No. 21, Ind. Ter.

The answer charges that the land sued for was the allotment of Eliza Bell, which was selected by her administrator in lieu of that described in the deed to Mullen, Mullen, and Bonner, and for which they paid $525, and in which the grantor agreed (same clause quoted above), and further charging that Malinda Pickens was a United States citizen entitled to all the rights and privileges as such, and at the date of the deed the land was unrestricted; that the land described in the deed was lost in a contest proceeding and the land in controversy was selected in lieu thereof, and that by reason of the covenants of conveyance and provisions in the deed above quoted, defendants Mullen, Mullen, and Bonner were entitled to conveyance from Malinda Pickens, and that plaintiffs had no right, title, claim, or interest to the land against them; praying that plaintiffs take nothing and they have judgment against Malinda Pickens for specific performance, as of September 23, 1905, etc.

The court sustained a demurrer of Pickens and Bell to the answer and gave judgment for them, from which Mullen, Mullen, Bonner, and Trout appeal.

As we understand from the oral argument of counsel, the only question for decision is whether by the terms and conditions of the warranty deed from Malinda Pick-

ens to J. S. and L. V. Mullen and W. M. Bonner of date September 30, 1905, conveying the land theretofore selected as the allotment of Eliza Bell, by operation of law (in the event of the then selection being canceled), there was conveyed an equitable title to the after-allotted land, concerning which Malinda Pickens should be required to perform.

Case No. 5165, *Robinson et al. v. Caldwell et al.*, 55 Okla. 701, 155 Pac. 547, decided by this court on the 7th day of December, 1915, involves the same question presented here. We have carefully read and studied the briefs of counsel in the instant case, but see no reason for changing our position. We therefore follow and rely on *Robinson et al. v. Caldwell et al.*, *supra*, and authorities therein cited as decisive of this case, to which reference is made for justification of the conclusions reached herein as well as therein.

We therefore hold that the deed from Malinda Pickens, a restricted full-blood Choctaw Indian, of September 23, 1905, to J. S. and L. V. Mullen and W. M. Bonner, whereby she conveyed all her interest in and to the theretofore selected allotment of her deceased mother, Eliza Bell, and which deed contained the provision (same as above set out), did not by virtue of said provision, when subsequent thereto the selection of the land particularly described in the deed was canceled and annulled by the proper authorities, convey an equitable title to such after-allotted land, concerning which Malinda Pickens will be required to specifically perform. And as the admitted pleadings show the above state of facts, it was not error for the court to sustain the demurrer to defendants' answer and award judgment for plaintiffs.

The judgment of the trial court should, therefore, be affirmed.

By the Court:  It is so ordered.