**VANN et al. v. ADAMS et al.**

No. 6771—Opinion Filed Dec. 26, 1916.

Rehearing Denied April 17, 1917.

(164 Pac. 113.)

(Syllabus by the Court.)

**Indians—Lands—Sale.**

Syllabus herein same as syllabus in Bledsoe v. Wortman et al., 35 Okla. 261, 129 Pac. 841.

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by James N. Vann and Sarah R. Vann against Richard C. Adams and others. Judgment for defendants, and plaintiffs bring error. Reversed and rendered, with directions.

Norman Barker and B. T. Hainer, for plaintiffs in error.

M. E. Michaelson and John H. Kane, for defendants in error.

TURNER, J. On May 31, 1913, James N. Vann and Sarah R. Vann, plaintiffs in error, in the district court of Washington county, sued Richard C. Adams and Carrie F. Adams, his wife, Wm. A. Copenhaver, the Adams Oil & Gas Company, Elizabeth H. Hemphill, Ben Harned, and M. R. Puckett in ejectment and to clear title to a certain tract of land in that county known as the allotment of Wm. Vann. The petition alleged that they were the owners of the land as the only heirs at law of Wm. Vann, deceased; that certain of the defendants were in wrongful possession, claiming under a void deed made, executed, and delivered by William to Richard C. Adams on February 15, 1905, and prayed for possession, and that said deed be set aside.

After issue joined there was trial to the court on the following agreed facts: That the allotment in question was that of Wm. Vann, deceased; that he died September 20, 1908, leaving him surviving as his only heirs at law James N. Vann, his father, and Sarah R. Vann, his widow; that on April 26, 1901, James N. Vann made application to the Commissioner to the Five Civilized Tribes for the enrollment of himself and, among other of his children, Wm. Vann, then a minor; that thereafter a census card was issued by the commission, showing that fact; that on February 14, 1905, a reservation certificate was issued to Wm. Vann, and on the next day he duly made application to have set apart to him as his allotment the lands involved herein; that on the same day a plat was made of the lands; that at the time he made application for enrollment, a protest was lodged against his enrollment, but on February 28, 1907, the Commissioner to the Five Civilized Tribes adjudged Wm. Vann entitled to enrollment, and he was enrolled as a Cherokee freedman; that on March 4, 1907, a citizenship certificate was issued to Wm. Vann; that on May 9, 1907, there was issued and mailed to him a certificate of allotment to the land, and on September 15, 1908, a deed therefor, as provided by law. The facts further show that the day on which he made application for enrollment and to have set apart for him the lands in controversy, that is, on February 15, 1905, he made, executed and delivered to the defendant Richard C. Adams a warranty deed to the land in question; and that the other defendants in error deraign their title to the land through him. On this state of facts the court held that plaintiffs were not entitled to recover.

The court erred. This for the reason that his deed of February 15, 1905, was void. This for the reason that it was not only made before he had selected his allotment, but before he had been enrolled as a citizen of the Cherokee Nation. Hence he had not even an equitable title to the land in controversy, but the same was a part of the public domain.

This case is ruled by Bledsoe v. Wortman et al., 35 Okla. 261, 129 Pac. 841. That case was ejectment to recover the allotment of defendant in error. The agreed statement of facts was substantially the same as here. The deed was dated January 27, 1905; at which time the grantee was a Cherokee freedman and entitled to an allotment in the Cherokee Nation, but had not selected the same and did not until March 6, 1905. Under this state of facts the court held the deed void. In the syllabus the court said:

"F., an adult, not of Indian blood, but a member of the Cherokee Tribe of Indians, on January 27, 1905, but prior to the time of the selection of his allotment, conveyed a certain 40 acres of land which was then a part of the public domain of the Cherokee Nation, but which was afterwards selected by him as a part of his surplus allotment. Held, that Act April 21, 1904, c. 1402, 33 St. at L. 204, removing 'all restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes, * * * who are not of Indian blood, except minors,' except as to homesteads, had no application to him until after he had selected his allotment."

Neither did the act of April 21, 1904, have any application to this allottee, nor did section 642, c. 27, of Mansfield's Digest of the Statutes of Arkansas (1884) have any application, as urged. Governing this point, in the syllabus to above case it is further held:

"Section 642, c. 27, Mansf. Dig. of Ark. (1884), providing that: 'If any person shall convey any real estate by deed, purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance'—has no application to said conveyance, the same being at the time of said execution invalid."

See, also, Brady v. Sizemore et al., 33 Okla. 169, 124 Pac. 615; Scott v. Brakel et al., 43 Okla. 655, 143 Pac. 510; Lynch et al. v. Franklin, 37 Okla. 60, 130 Pac. 599.

The judgment of the lower court is reversed and rendered, with directions to set aside the deed complained of, and to clear the title and put plaintiffs in possession of the land.

All the Justices concur.