PARKS et al. v. BERRY.

BERRY v. PARKS et al.

Nos. 4799. 4800—Opinion Filed Nov. 20, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 884.)

### Indians—Conveyance by Allottee—Validity— Estoppel—Rights of Purchaser.

Deeds executed by a Creek minor citizen allottee attempting to convey his allotted lands are absolutely void, and no rule of estoppel operates to prevent the assertion of their invalidity; a purchaser from the allottee, the restrictions on such lands being removed, after the attainment of majority by the allottee, takes title to such lands free from any claims by reason of any attempted conveyances or transactions in regard to such lands made or consummated during minority of the allottee.

(Syllabus by Pryor, C.)

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by Guy T. Berry against O. F. Parks. Transferred to the district court, and, after the death of O. F. Parks, revived in the name of his administratrix, Laura Parks, and heirs. Judgment for plaintiff, and defendants bring error; and, from a judgment decreeing lien in favor of defendants, plaintiff brings error. Judgment for plaintiff affirmed, and judgment decreeing the lien vacated.

Bailey, Wyand & Moon, for Laura Parks and others.

Geo. S. Ramsey, Edgar A. de Meules, and Malcolm E. Rosser, for Guy T. Berry.

Opinion by PRYOR C. This is an action commenced by Guy T. Berry against O. F. Parks and others in the United States Court of Indian Territory on the 6th day of April, 1907, to quiet title to certain lands lying in that part of the Indian Territory which is now comprised within the county of Muskogee, Okla. Upon the advent of statehood the cause was transferred to the district court of Muskogee. Subsequent to the commencement of the action, O. F. Parks died, and the cause was revived in the name of his administratrix and heirs.

The petition sets forth that Arthur Buffington was a duly enrolled citizen of the Creek Nation, not of Indian blood; that he had allotted to him as such citizen the lands in controversy; that the lands constitute the surplus portion of his allotment; that the plaintiff, Guy T. Berry, is the owner and in possession of said lands by virtue of a deed of conveyance executed and delivered to him by the allottee on the 23d day of February, 1907, for a sufficient consideration; that on the 25th day of November, 1904, the allottee, Arthur Buffington, executed and delivered to O. F. Parks a deed for said lands, and said deed is of record in the register of deeds office, Muskogee county, Okla.; that on the 24th day of April, 1906, the said Arthur Buffington executed and delivered to O. F. Parks a deed attempting to convey said lands to said O. F. Parks, and said deed is of record in the office of the register of deeds.

for Muskogee county, Okla.; that at the time of the execution of said deeds the said Arthur Buffington was a minor under 21 years of age; that the purported conveyances constitute a cloud upon the title of the plaintiff; and asks for judgment canceling the said deeds as a cloud upon plaintiff's title.

The answer of the defendant O. F. Parks alleges, in effect, that the deeds executed to him were given for a valuable consideration and after the said allottee, Arthur Buffington, had arrived at his majority, and contends that they are a valid conveyance, and that by virtue of said conveyances the defendant O. F. Parks is the owner and entitled to possession of said premises; and further that the said Arthur Buffington and his grantees are estopped from asserting the invalidity of such conveyance by reason of fraudulent representations made to the said O. F. Parks by the said Arthur Buffington that he was of age at the time that he executed said conveyance, and received the consideration therefor.

Upon the trial of the issues the court found that the said Arthur Buffington became of age on the 21st day of February, 1907, and was of age when he executed the deed to the plaintiff, Guy T. Berry, and was a minor at the time that he executed and delivered the two said deeds to O. F. Parks, but found and held the said Arthur Buffington, allottee, and his grantees, were estopped from asserting the invalidity of the conveyance executed while he was a minor by reason of fraudulent representations made to O. F. Parks, defendant, regarding his age, and rendered judgment adjudging the plaintiff, Guy T. Berry, to be owner and entitled to the possession of the premises, and further adjudging that the defendants, the representatives of O. F. Parks, have a lien upon said premises for the sum of $800.

From the judgment of the court decreeing the plaintiff, Guy T. Berry, to be owner and entitled to the immediate possession of the premises involved in this controversy, the defendants appeal, cause No. 4799 in the Supreme Court; and, from the judgment decreeing a lien in favor of the defendants on the premises, the plaintiff appeals cause No. 4800 in the Supreme Court.

The court found that the deeds complained of by the plaintiff executed by the allottee, Arthur Buffington, to O. F. Parks were made and delivered by the said allottee to O. F. Parks, while allottee was a minor, and this finding is amply supported by the evidence. The state and federal courts have repeatedly and consistently held, under section 16 of the Supplemental Creek Agreement (Act

Cong. June 30, 1902, c. 1323, 32 Stat. 503), which is as follows:

"Lands allotted to citizens shall not in any manner whatever or at any time, be incumbered, taken, or sold to secure any debt or obligation nor be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of this supplemental agreement, except with the aproval of the Secretary of the Interior. * * *

"Any agreement or conveyance of any kind or character violative of any of the provisions of this paragraph shall be absolutely void and not susceptible of ratification in any manner, and no rule of estoppel shall ever prevent the assertion of its invalidity"

—such deeds are absolutely void. Bragdon v. McShea, 26 Okla. 31, 107 Pac. 916; Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755; Tirey v. Darneal, 37 Okla. 606, 133 Pac. 614 (also 37 Okla. 611, 132 Pac. 1087); Stevens v. Elliott, 30 Okla. 41, 118 Pac. 407; Collins Inv. Co. v. Beard, 46 Okla. 310, 148 Pac. 846; Alfrey v. Colbert, 168 Fed. 231, 93 C. C. A. 517; Priddy v. Thompson, 204 Fed. 955, 123 C. C. A. 277.

Attempted conveyances of this character being absolutely void, the question then arises as to whether or not the grantees of the allottee are estopped to assert their invalidity by reason of fraudulent representations made by the allottee, to O. F. Parks, grantee, that he was of age at the time he executed the deeds, executed during minority. This question has been settled by this court and the federal court adversely to the contentions of the defendant, and it has been held that under the above provision of the supplemental agreement no estoppel can operate to prevent the allottee or his grantee from asserting the invalidity of deeds made in violation of the provisions referred to in said section. Alfrey v. Colbert, 168 Fed. 231, 93 C. C. A. 517; Blakemore v. Johnson, 24 Okla. 555, 103 Pac. 554; Collins Inv. Co. v. Beard, 46 Okla. 310, 148 Pac. 846.

It also has been held in numerous cases that it is not necessary for the allottee to formally plead or offer to make restoration of the consideration received for such void conveyance, or to plead that such consideration has been squandered and the inability of allottee to return the same, as a condition precedent to the maintenance of an action to have such deeds declared void and canceled as a cloud upon the title. Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 34; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Tirey et al. v. Darneal, 37 Okla. 606, 133 Pac. 614; Stevens v. Elliott, 30 Okla. 41, 118 Pac. 407; Heckman v. United States, 224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820.

In the case of Heckman v. United States, supra, the Supreme Court of the United States uses the following language:

"It is said that the allottees have received the consideration, and should be made parties in order that equitable restoration may be enforced. Where, however, a conveyance has been made in violation of the restrictions, it is plain that the return of the consideration cannot be regarded as an essential prerequisite to decree of cancellation. Otherwise, if the Indian grantor had squandered the money, he would lose the land which Congress intended he should hold, and the very incompetence and thriftlessness which were the occasion of the measures for his protection would render them of no avail. The effectiveness of the acts of Congress is not thus to be destroyed. The restrictions were set forth in public laws, and were matters of general knowledge. Those who dealt with the Indians contrary to these provisions are not entitled to insist that they should keep the lands if the purchase price is not repaid, and thus frustrate the policy of the statute. U. S. v. Trinidad Coal & Coke Co., 137 U. S. 160, 170, 171, 11 Sup. Ct. 57, 34 L. Ed. 640."

Under the provisions of section 16 of the supplemental agreement above, as construed by the above authorities, it is evident that it was the purpose and intent of Congress that all attempted conveyances made in contravention of the provisions referred to in said section are absolutely void and in no wise incumber or affect the title to the land of an allottee during the continuance of the disability of said allottee and the restrictions of his allotted land imposed by the acts of Congress, or after such disabilities and restrictions are removed; that the purpose and intent of the act was to prevent any transactions made during the disability of the allottee or while the lands were restricted from incumbering in any manner whatsoever such lands, and to so guard and protect the lands of the allottee to the end that when the disabilities and restrictions were removed he might hold them himself or convey to his grantees free from any incumbrance whatever by reason of any transaction made in violation of the provisions imposing disabilities and restrictions. In order to give this purpose and intent of Congress its full force and effect, it must be held that the allottee on attaining his majority, the restrictions being removed, had a right to convey said lands to the plaintiff, and the plaintiff had a right to purchase the same free and unhampered by any transactions in regard to said land made by the said allottee during his minority and disability, and that the plaintiff, Guy T. Berry, grantee, acquired absolute title to said premises free from any claim or liens by reason of any previous transactions of said allottee. Whatever may be the rule in regard to requiring the minor allottee to return the consideration or show the same has been squandered and his inability to return same, where the allottee asks affirmative equitable relief by asking the cancellation of such void conveyances, the rule, if there is any, does not apply to the grantee of conveyances made after majority of allottee. Such void transactions do not concern such grantee and he is not answerable for them in any manner whatsoever; no valid claim arises out of such void transaction upon which to predicate a lien.

Therefore that portion of the judgment decreeing the plaintiff, Guy T. Berry, to be the owner and entitled to the possession of the premises in controversy, should be affirmed, and that portion of the judgment decreeing that the defendants, the representatives of O. F. Parks, have a lien on said premises for $800, should be vacated and held for naught.

By the Court: It is so ordered.