## SANDERS et al. v. MELSON.

No. 9012—Opinion Filed Aug. 13, 1918.

(174 Pac. 755.)

**Champerty and Maintenance—Conveyance by Indian—Applicability of Statute.**

Where a Cherokee freedman during his minority attempts to convey by deed his allotted lands and his grantees enter into and hold possession thereof for more than 1 year, and subsequently after attaining his majority he, by warranty deed, conveys to another, the validity of the second conveyance is not affected by section 2260, Rev. Laws 1910, as the alienation of such land is controlled by congressional enactment.

(Syllabus by Pope, C.)

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action by M. L. Melson against Thomas T. Gray, in which Willie Sanders filed an answer and cross-petition for the benefit of defendant. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

A. L. Harris and E. L. Kirby, for plaintiffs in error.

Chase & Campbell, for defendant in error.

Opinion by POPE, C. M. L. Melson brought this action in the district court of Nowata county against Thomas T. Gray, to quiet title to a certain tract of land in Nowata county, being the allotment of Willie Sanders, a duly enrolled freedman citizen of the Cherokee Tribe of Indians, alleging that he had title to the land by reason and virtue of a warranty deed executed by the allottee, Willie Sanders, dated March 16, 1909, to W. E. Roberts, Jr., J. T. Roberts, and W. E. Roberts, by deed September 17, 1909, from Willie Sanders to M. D. Parr and F. M. Overlees, and a quitclaim deed of October 27, 1909, from W. E. Roberts, Jr., J. T. Roberts, and W. E. Roberts, to M. D. Parr and F. M. Overlees, and thereafter Parr and Overlees conveyed the land to Jacob E. Walford, and on May 1, 1910, Walford conveyed to M. L. Melson, and that the defendant Gray was claiming some interest in the land by virtue of a warranty deed from the said Willie Sanders dated June 7, 1912; that

he had been in open, notorious, adverse possession of said premises for more than 1 year prior to taking of the deed by said Gray from the said Willie Sanders on June 7, 1912, and that his possession of the premises was well known to the said defendant Gray, and therefore the deed from said Sanders to Gray bearing date of June 7, 1912, was in violation of section 2260, R. L. 1910, and void. Willie Sanders for the use and benefit of Thomas T. Gray, and Thomas T. Gray filed an answer and cross-petition, alleging that Willie Sanders was a Cherokee freedman, and at the time of making the deed to W. E. Roberts, Jr., J. T. Roberts, and W. E. Roberts on the 16th day of March, 1909, through whom plaintiff claims title, was under the age of 21 years, and that the enrollment records show Willie Sanders to have been 10 years of age on April 16, 1901, and to have attained his majority on April 16, 1912, and ask that the title to said premises be quieted in Thomas T. Gray, and that said Gray recover the sum of $800, reasonable value of rents and profits arising from said lands from the 7th day of June, 1912, to date of filing suit, and for $100 damages for the unlawful withholding said premises from the said Thomas T. Gray. The trial court rendered judgment in favor of plaintiff, Melson, and against the defendants, Gray and Sanders, canceling deed from Sanders to Gray, bearing date of June 7, 1912, and quieting title to said land in plaintiff, Melson, from which judgment defendants Gray and Sanders prosecute this appeal.

There seems to be little or no controversy about the facts in this case. The plaintiff below, M. L. Melson, relied on his possession of more than one year prior to the taking of the deed by Thomas T. Gray from Willie Sanders on June 7, 1912, under section 2260, Rev. Laws 1910, and presents a question of law which has been settled in this jurisdiction, by the case of Murrow Indian Orphans' Home v. McClendon, 64 Okla. 205, 166 Pac. 1101, and the cases cited therein. Under the rule in the above case and cases cited therein, we are of the opinion that the deed of June 7, 1912, from Willie Sanders to Thomas T. Gray, conveyed to the said Gray good title to the land in question, and is therefore entitled to have title to same quieted in him and to possession of same. There being a question of damages involved in the action for the rents and profits and the unlawful detention of the land from defendant Gray by plaintiff, Melson, this cause should be reversed and remanded, with instructions to try the issue of damages.

By the Court: It is so ordered.