### WHITMIRE et al. v. LEVINE et al.

No. 9695—Opinion Filed April 27, 1920.

Rehearing Denied Dec. 14, 1920.

(Syllabus by the Court.)

1. **Indians—Deed of Cherokee Minor Freedman—Validity—Estoppel.**

A deed executed by a Cherokee minor freedman allottee attempting to convey his allotted lands is void, and no rule of estoppel operates to prevent the assertion of its invalidity.

2. **Same—Effect of After-Acquired Title.**

The after-acquired title of Cherokee freedmen members of the Cherokee Nation cannot inure to the benefit of their grantee in a deed executed by them to the lands allotted to their minor son as a freedman member of said tribe, said deed having been executed during the lifetime of said allottee.

Owen, C. J., and Pitchford and Bailey, JJ., dissenting.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Looney Whitmire and another against N. Levine for recovery of lands, and cross-action by Levine against Margaret O'Connor, mortgagee. Judgment for Levine, and plaintiffs bring error. Reversed.

Chase & Campbell and Harris, Howard & Nowlin, for plaintiffs in error.

Voyles & Rye, for defendants in error.

RAINEY, J. Looney Whitmire, Jr., a duly enrolled minor Cherokee freedman, died on the 11th day of February, 1907, leaving as

his sole and only heirs at law Looney Whitmire and Mary Whitmire, father and mother, respectively, who were also enrolled freedmen members of the Cherokee Nation. On May, 31, 1905, the said Looney Whitmire, Jr., executed a warranty deed to N. Levine attempting to convey his allotted land. Prior thereto, to wit, on May 13, 1904, Looney Whitmire and Mary Whitmire executed a warranty deed to said lands to one Dannenburg, and on May 14, 1909, Dannenburg attempted to convey said lands by quitclaim deed to N. Levine. This action was instituted by Looney Whitmire and Mary Whitmire against N. Levine to recover the possession of said lands and for rents and profits. The defense made by Levine to the action is that he was induced to purchase said land from Looney Whitmire, Jr., by representations of the plaintiffs that said allottee was 21 years of age and had the right to sell and dispose of said lands, and that on the 13th day of May, 1904, Looney Whitmire and Mary Whitmire, for reasons unknown to the defendant, claimed to be the owners in fee simple of said land with full right to convey the same, and executed to Dannenburg a warranty deed attempting to convey said lands, and that the title afterwards acquired by the plaintiffs upon the death of the allottee passed to the said Dannenburg, and by quitclaim deed from him to the defendant Levine. The defendant further alleged the execution of a mortgage by the plaintiffs to one Margaret S. O'Connor, which he averred was a cloud upon his title, and asked for judgment quieting his title as against the plaintiffs and the said Margaret S. O'Connor. The trial court sustained defendant's motion for judgment on the pleadings, and rendered judgment in his favor and against the plaintiffs, which action is assigned as error. The parties will hereinafter be designated plaintiffs and defendant, as they appeared in the trial court.

First, plaintiffs contend, and it is conceded by the defendant, that the deed executed by Looney Whitmire, Jr., was void on account of his minority. Blakemore v. Johnson, 24 Okla. 544, 103 Pac. 554; Parks et al. v. Berry, 69 Oklahoma, 169 Pac. 884.

The other question presented is whether the after-aquired title by the plaintiffs on the death of their minor son, the allottee of said lands, passed by virtue of their deed of May 13, 1904, to Dannenburg, and from Dannenburg, by virtue of his quitclaim deed of May 14, 1909, to the defendant.

In Bledsoe v. Wortman et al., 35 Okla. 261, 129 Pac. 841, it is held that section 642, ch. 27, Mansfield's Digest, providing that "if any person shall convey any real estate by deed, purporting to convey the same in fee simple, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance", had no application where an adult member of the Cherokee Tribe of Indians, not of Indian blood, attempted to convey prior to the selection of his allotment a certain tract of land, then a part of the Cherokee Nation, but which was afterwards selected by him as a part of his allotment.

In Berry et al. v. Summers, 35 Okla. 426, 130 Pac. 152, it appears that a full-blood member of the Creek Tribe of Indians, prior to removal of his restrictions, joined with his wife in the execution of a deed to a portion of his allotment. Thereafter his restrictions were removed and he executed and delivered a deed to the same land to his wife, and it was held that, since the first deed was void, the subsequently acquired title of his wife did not inure to the benefit of her grantee.

In Lynch v. Franklin, 37 Okla. 60, 130 Pac. 599, it appears that one Emma Sisson, who was an applicant for enrollment by intermarriage in the Choctaw Tribe of Indians, executed a warranty deed to Apple and Franklin, a firm of lawyers, whereby she attempted to convey the surplus land to which she would be entitled when enrolled, without describing said land. Thereafter she was enrolled, and it was held that the "doctrine of relation" as found in section 642, Mansfield's Digest of Laws of Arkansas, was not applicable, for the reason that the land was not alienable at said time, and that said attempted alienation was void. This case was affirmed by the Supreme Court of the United States. Franklin v. Lynch et al., 233 U. S. 269, 58 L. Ed. 954. Other cases the same in principle, but slightly different in circumstances, are Starr v. Long Jim, 227 U. S. 613, 57 L. Ed. 670; Mullen et al. v. Pickins et al., 56 Okla. 65, 155 Pac. 871, 64 L. Ed. 22; Vann et al. v. Adams et al., 63 Okla. 230, 164 Pac. 113.

However, it is insisted by counsel for defendant that none of said cases are in point, and the argument is made that, the allottee being a Cherokee freedman, there were no restrictions against the alienability of the land except that he was personally powerless to contract with relation to such land during minority. It is further contended that the

plaintiffs, adult freedmen, were under no restrictions whatever on May 13, 1904, and that they are now estopped from asserting the title acquired by them upon the death of the allottee, and that said title, when so acquired, immediately inured to the benefit of their grantee. Although the facts thus presented are somewhat different from the facts in the cases cited, we are of the opinion that section 642, Mansfield's Digest, has no application, and that the after-acquired title of plaintiffs did not inure to the benefit of their grantee, Dannenburg. Any deed executed by Looney Whitmire. Jr., during his minority was void.

The governmental policy in such cases is that, when the time arrives when the allottee, by virtue of the removal of restrictions against his land, or the removal of his disability to convey by attaining majority, or when on account of the allottee's death the land descends to his heirs free of restrictions and thus becomes alienable by them, he or they, as the case may be, may then exercise the right of alienation and dispose of said lands as he or they see fit, unembarrassed by any previous attempted alienation thereof or encumbrances thereon. Murrow Orphan Home v. McClendon, 64 Okla. 205, 166 Pac. 1101. This policy runs through all the acts of Congress, and is for the protection and benefit of all citizens of the Five Civilized Tribes.

We do not agree, as contended by counsel for defendant, that the principle applicable is the same as where an attempted conveyance of allotted land is made by a nonmember of an Indian Tribe who has no title thereto but who subsequently acquires the title by purchase from an allottee or an heir. However, that question is not presented by the record in this case, and we express no opinion thereon.

The cause is therefore reversed.

KANE, McNEILL, JOHNSON, and HIGGINS, JJ., concur; OWEN, C. J., and PITCHFORD and BAILEY, JJ., dissent from paragraph 2 of the syllabus.