appealed, and their brief, under the assignments of error, presents two questions:

First. "The court erred in holding that the champerty statute had no application in this case, for the reason the allottee was not a restricted Indian at the time of the making of the deed to plaintiff, and the deed was not made under the regulation and supervision of the Indian Department."

Second. "That the rule of law announced by this court in the case of Miller v. Fryer, 35 Okla. 145, and other cases had become and were rules of property."

In discussing the first proposition, counsel for plaintiffs in error admit that their contention is in conflict with the more recent cases of this court, such as Murrow Indian Orphans Home v. McClendon, 64 Oklahoma, 166 Pac. 1101; Miller v. Grayson, 64 Oklahoma, 166 Pac. 1077; Hammett v. Montgomery, 67 Oklahoma, 170 Pac. 689; Thompson v. Riddle, 69 Oklahoma, 171 Pac. 331, the first of which cases expressly overrules the cases upon which counsel rely; but it is insisted that these last decisions of the court have overlooked the effect of the champerty statute of Oklahoma as it relates to and applies to the sale of lands from which all restrictions are removed and the sale of restricted Indian lands made under the supervision of the governmental agency and according to the rules and regulations of the Indian Department. But we think the rule announced in Murrow Indian Orphans Home v. McClendon, supra, which specifically overrules Miller v. Fryer, supra, and other similar cases, applies with equal force to deeds executed by allottees from whom all restrictions are removed and deeds of allottees executed under the supervision of governmental agencies.

In Thompson v. Riddle et al., 69 Oklahoma, 171 Pac. 331, it is said:

"The purpose and intent of Congress is to make all conveyances and transactions in regard to these restricted lands in contravention of the acts of Congress an absolute nullity, and to protect the rights of the Indian and his lands to the end that when the disabilities of an Indian allottee and the restriction upon alienation are removed, he may hold said lands himself or convey them to others free and unincumbered and in absolute disregard of any transaction he may have consummated during the period of restriction or disability. To hold that the champerty statute applied would diminish the rights of the Indian in the exercise of control and ownership over his lands after the restrictions had been removed. He would be limited to sell only to the person in adverse possession, or to go into court and by action oust the person in adverse possession before he could sell his lands to another.

* * * This would be giving force and effect to these attempted conveyances and transactions which the law denounced as absolute nullities."

We see no reason why the suggestions as above quoted do not apply with equal force to both those who sell with and those who sell without governmental supervision. A deed executed by an allottee of the Five Civilized Tribes before the removal of restrictions is a nullity, and if the person in possession under such deed claiming adversely to the allottee is permitted to acquire rights or advantageous positions by reason of the champerty statute as against the purchaser receiving a deed after the removal of restrictions, such rule will have the effect of in part, at least, validating that which was invalid. We do not understand that such is the intent or policy of the law relating to the disposition of allotted lands.

Relative to the second proposition suggested by plaintiffs in error, we think it is a sufficient answer to suggest that the cases upon which they rely to establish a rule of property, aside from the fact that they have been expressly overruled by the decisions of this court, were not rendered until long after plaintiffs in error had received the conveyance relied upon in this action, and it is difficult to understand how any right or claim could be predicated thereon. McCray v. Miller, 78 Okla. 16, 184 Pac. 781. A further consideration is that, as was said in Gannon v. Johnson, 40 Okla. 695, 140 Pac. 430:

"The doctrine of rule of property cannot be applied to render valid conveyances made in violation of governmental policy."

For the reasons assigned, the judgment of the trial court is affirmed.

RAINEY, C. J., and HARRISON, McNEILL, and JOHNSON, JJ., concur.

---

### SELLS et al. v. MOONEY.

No. 9601—Opinion Filed May 25, 1920.

Rehearing Denied July 6, 1920.

(Syllabus by the Court.)

**Indians—Alienation of Land—Champerty—Rule of Property.**

Same as in cause No. 9600, Pearl Sells, nee Hayes, v. Warren Mooney, this day decided, ante, p. 34.

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by Warren Mooney against Pearl Sells, nee Hayes, and others. Judgment for

plaintiff, and defendants bring error. Affirmed.

B. B. Blakeney, J. H. Maxey, Christy Russell, and Hubert Ambrister, for plaintiffs in error.

W. L. Curtis and R. B. Butts, for defendant in error.

BAILEY, J. The pleadings, evidence, and judgment in this cause being in all material respects identical with the pleadings, evidence, and judgment considered by this court in No. 9600, Pearl Sells, nee Hayes, et al., v. Warren Mooney, ante, p. 34, and it having been agreed by counsel that this cause might be considered and consolidated with said cause No. 9600, for the reasons assigned in the last named cause, the judgment is affirmed.

RAINEY, C. J., and HARRISON, JOHNSON, and McNEILL, JJ., concur.

---

### SELLS et al. v. BUTTS.

No. 9602—Opinion Filed May 25, 1920.

Rehearing Denied July 6, 1920.

(Syllabus by the Court.)

**Indians—Alienation of Land—Champerty—Rule of Property.**

Same as in cause No. 9600, Pearl Sells, nee Hayes, v. Warren Mooney, this day decided, ante, p. 34.

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by R. B. Butts against Pearl Sells, nee Hayes, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

B. B. Blakeney, J. H. Maxey, Christy Russell, and Hubert Ambrister, for plaintiffs in error.

W. L. Curtis and R. B. Butts, for defendant in error.

BAILEY, J. The pleadings, evidence, and judgment in this cause being in all material respects identical with the pleadings, evidence, and judgment considered by this court in No. 9600, Pearl Sells, nee Hayes, et al. v. Warren Mooney, ante, p. 34, and it having been agreed by counsel that this cause might be considered and consolidated with said cause No. 9600, for the reasons assigned in the last named cause, the judgment is affirmed.

RAINEY, C. J., and HARRISON, JOHNSON, and McNEILL, JJ., concur.

---

### PIERCE OIL CORPORATION et al. v. PHOENIX REFINING CO. et al.

No. 10550—Opinion Filed May 25, 1920.

Rehearing Denied July 6, 1920.

(Syllabus by the Court.)

**1. Carriers—"Common Carrier"—Oil Pipe Lines—Finding of Corporation Commission.**

A finding by the Corporation Commission that a pipe line extending between two points within the state has been transporting oil for hire, and is a common carrier within the meaning of section 4309, Revised Laws 1910, will not be disturbed on appeal to this court when there is evidence reasonably tending to support such finding.

**2. Same — Statutory Regulation — Taking Property Without Due Process of Law.**

A pipe line company which has built and constructed its pipe line since the passage of article 2, ch. 53 (sections 4304 and 4318), Revised Laws 1910, or those that have acquired pipe lines since said time, and have thereby received the benefits of said law, cannot contend that section 4309 of said law, which makes said pipe lines a common carrier, is in vio'ation of the Fifth and Fourteenth Amendments to the Constitution of the United States and the Constitution of Oklahoma, in that it amounts to the taking of property without due process of law.

Appeal from Order of the State Corporation Commission.

Complaint before the Corporation Commission by the Phoenix Refining Company against the Pierce Oil Corporation and Clay Arthur Pierce. From order of Commission requiring defendants to give complainant service in its oil pipe line and revoking former order exempting defendants from obligations of a common carrier, defendants appeal. Affirmed.

Boyle & Priest and West, Sherman, Davidson & Moore, for plaintiffs in error.

Stuart, Cruce & Cruce, for defendants in error.

McNEILL, J. This action was commenced before the Corporation Commission by the Phoenix Refining Company against the Pierce Oil Corporation and Clay Arthur Pierce. The complaint alleged the Phoenix Refining Company was a corporation operating a refinery at Sand Springs, Okla., and owned certain oil leases in the Cushing oil fields which were producing oil; that the Pierce Oil Corporation was the owner of a pipe line extending from Cushing oil fields to Sand Springs, and for several years had been transporting the oil of the complainant from the Cushing oil fields to Sand Springs, and had transported