## CULP et al. v. BRONAUGH.

No. 12875—Opinion Filed Feb. 12, 1924.

**Indians—Allotted Lands—Restrictions — Minority—Alienation—Champerty.**

Where lands are allotted to a minor Choctaw freedman, the restrictions against alienation continue until such allottee attains full age, and one taking a deed to such lands after majority of the allottee is not estopped or precluded in any way from asserting his rights by reason of having had actual notice of the claims of third persons under a deed from such allottee executed during minority. Section 1679, Comp. Stat. 1921, known as the Champerty Statute, has no application to such a conveyance.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by V. Bronaugh against C. E. Culp, T. E. Verner, Chris Schwager, Harry Nelms, W. A. Wright, and R. M. Price. Judgment for plaintiff, and defendants bring error. Affirmed.

Defendant in error commenced this action by filing his petition in the district court of Choctaw county, September 10, 1919, against the plaintiffs in error to cancel certain conveyances of record as clouds upon his title to the northeast quarter of the southeast quarter of section 17, township 7 south, range 18 east, and to quiet his title thereto. In said petition it was alleged, in substance, that the lands above described were patented to one Delia Jane Powell by virtue of her enrollment as a Choctaw freedman, and that said allottee conveyed the same to defendant in error by warranty deed dated March 26, 1919; that on July 23, 1918, said allottee attempted to convey said lands by deed to L. A. Wiygul; that at the date of said conveyance to L. A. Wiygul said lands were restricted and said allottee was without power and authority to convey the same; that thereafter L. A. Wiygul attempted to convey said lands to George W. Hall, and Hall to R. M. Price, and that R. M. Price attempted to convey an undivided interest in said lands to Chris Schwager, C. E. Culp, T. E. Verner, Harry Nelms, and W. A. Wright; that all of said deeds above described to L. A. Wiygul and his successors in interest are void and conveyed no title to said lands for the reason that at the date of the conveyance from allottee to Wiygul said allottee was a minor and her lands restricted; that said deeds are all of record and constitute clouds upon the title of defendant in error in and to the lands described, and that he is entitled to have the same canceled of record.

Defendants answered by general denial; admitted that the lands described in plaintiff's petition were the allotment of Delia Jane Powell, a Choctaw freedman; admitted the conveyance by her to Wiygul on July 23, 1918, and denied that Delia Jane Powell was a minor on July 23, 1918, and denied that said deed was void by reason of minority; alleged that the conveyance to Bronaugh was in violation of the champerty

laws of the state of Oklahoma and alleged that if Bronaugh has good title to said lands he holds the same in trust for the defendants.

A verified general denial was filed to this answer, and after various proceedings had in said cause, the same was tried on the merits on May 6, 1921, resulting in a judgment in favor of the defendant in error. From this judgment, after unsuccessful motion for new trial, plaintiffs in error have brought the case here for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

L. A. Wiygul and S. M. Cunningham, for plaintiffs in error.

Calvin Jones, A. A. McDonald, and A. W. Trice, for defendant in error.

Opinion by LOGSDON, C. Defendants have presented and argued in their brief four propositions as follows:

(1) "The court erred in not rendering judgment for plaintiffs in error on the pleadings and proofs.

(2) "The court erred in sustaining motion of plaintiff for judgment on pleadings and proofs.

(3) "The court erred in refusing and ruling out evidence in answer to question of attorney for defendants below.

(4) "The court erred in overruling the motion of defendants for a new trial."

Under the first proposition defendants make two contentions, which are stated in their brief, thus:

"The defendants contend and earnestly insist that a minority plea is a special one available only to the infant when he attains his majority.

"We insist that the deed executed and delivered on March 26, 1919, by Delia Jane Powell, allottee, to V. Bronaugh was valid as between the parties thereto, but that said deed was ineffective as to the adverse holders who were in possession unless this action had originally been brought in the name of said allottee."

Both of these contentions have been determined by this court adversely to defendants in a number of cases. In Sanders v. Melson, 71 Oklahoma, 174 Pac. 755, this court said:

"Where a Cherokee freedman during his minority attempts to convey by deed his allotted lands and his grantees enter into and hold possession thereof for more than one year, and subsequently after attaining his majority he by warranty deed conveys to another, the validity of the second conveyance is not affected by section 2260, Rev. L. 1910 (Comp. Stat. 1921, sec. 1679), as the alienation of such land is controlled by congressional enactment."

To the same effect are the following cases: Thompson v. Riddle, 69 Okla, 115, 171 Pac 331; Parks v. Berry, 69 Okla. 18, 169 Pac. 884; Egan v. Ingram, 58 Okla. 766, 161 Pac. 225; Sells v. Mooney, 79 Okla. 35, 190 Pac. 861; Miller v. Grayson, 64 Okla. 122, 166 Pac. 1077; Whitmore et al. v. Levine et al., 80 Okla. 21, 193 Pac. 884.

Defendants' second contention, that the court erred in sustaining the motion of plaintiff for judgment on the pleadings and proofs, is not sustained by an inspection of the record. At page 59 of the case-made it appears that at the close of the evidence plaintiff's attorney made a motion for judgment as prayed for in his petition, and also demurred to the evidence of the defendants because of its insufficiency to constitute any defense to plaintiff's cause of action. Thereupon the court announced as follows:

"Let this demurrer to the evidence go before the motion for judgment. I am not now passing on this, Mr. Butler. I am taking it under advisement."

Thereupon both sides rested. It is apparent from this announcement of the court that there was no action upon the motion for judgment, and that the court took the case under advisement so as to determine the sufficiency or insufficiency of the testimony for the defendants as against the demurrer of the plaintiff. It appears that no action was ever taken by the court upon either motion or demurrer for in the journal entry of judgment at page 62 of the case-made, this recital appears:

"And the court, upon examination of the pleadings and after hearing the testimony of witnesses and other evidence offered on behalf of the parties hereto, and upon examination and consideration of the same, and being well and sufficiently advised in the premises, finds all of the issues in favor of the plaintiff and against the said defendants, and each of them, and finds that plaintiff should have judgment as prayed for in his petition."

It thus appears that the court rendered judgment upon all of the evidence and upon each of the issues presented by the evidence, and that his judgment was based upon the merits of the case rather than upon any motion or demurrer.

Defendants' third proposition involves the ruling of the court as to the admissibility of certain testimony on the cross-examination of the plaintiff. It appears from an

examination of the record that the plaintiff was placed upon the stand for the purpose of proving the loss or destruction of the original deed from the allottee to him in order that the record of said deed might be introduced. After this proof was made defendants endeavored upon cross-examination to make proof in support of certain allegations of their answer relating to the alleged fraudulent conduct of the plaintiff in procuring said deed and to his notice of the claims of the defendants to said land. Upon objections being interposed to this line of cross-examination, the court sustained the objections with the suggestion to defendants' counsel that the witness might be called as a witness for the defense, and that such proof would then be competent. This was not done. There appears to be no error or abuse of discretion in this ruling of the trial court.

It follows from what has been said that there is no merit in the fourth proposition urged by the defendants, which is that the court erred in overruling the motion of the defendants for a new trial.

It is, therefore, concluded that no error prejudicial to the substantial rights of the defendants has been pointed out, and that the judgment of the trial court should in all things be affirmed.

By the Court:  It is so ordered.