## DENNEY v. AKERS.

No. 15439—Opinion Filed June 9, 1925.

Rehearing Denied May 11, 1926.

1. **Indians—Invalidity of Deed by Minor Chickasaw Freedman.**

A deed executed by a minor Chickasaw freedman allottee to his allotted lands is void.

2. **Taxation—Tax Sale of Minor's Land—Grantee as Successor to Minor's Right of Redemption.**

Section 9747, Comp. St. 1921, provides that an infant may redeem any land belonging to it, sold for taxes, within one year from the date of the expiration of such disability; and where a minor Chickasaw freedman allottee, whose land has been sold for taxes, conveys his land to another

immediately upon reaching his majority, his grantee is authorized to exercise the right of redemption within the time and in the manner fixed by the statute by which the allottee himself might redeem the land from the tax sale.

**3. Champerty and Maintenance—Champerty Statute Inapplicable to Conveyance by Indian after Majority.**

Where a minor Chickasaw freedman allottee, during his minority, attempts to convey by deed a portion of his allotted lands, and his grantee enters into and holds possession thereof for more than one year, and subsequently, after reaching his majority, said allottee, by warranty deed, conveys to another, the validity of the second conveyance is not affected by the champerty statute (section 1679, Comp. St. 1921).

**4. Judgment Sustained.**

Record examined; and held to support the judgment; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by William Stephenson and L. D. Akers against C. E. Denney. From the judgment, defendant appeals. Affirmed.

I. R. Mason and Geo. A. Ahern, for the plaintiff in error.

Brown, Brown & Williams, for the defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant in the trial court, and the defendant in error was a plaintiff. The parties will be referred to herein as plaintiff and defendant, as they appeared in the court below.

The plaintiff, joined by William Stephenson, brought action in the district court of Carter county on the 27th day of December, 1916, for possession of and to quiet title to the southeast quarter of the northeast quarter of section 30-1-3, located in Carter county. The plaintiff deraigns title through William Stephenson, a Chickasaw freedman, to whom was allotted the land as part of his distributive share of the Choctaw-Chickasaw lands. It is alleged that deed was made to plaintiff Akers by Stephenson on September 26, 1916; and that defendant is in possession, claiming under a tax deed, and also under a deed executed by William Stephenson; that the tax deed is ineffective to pass title; and the deed was procured by defendant from Stephenson by fraud and during the minority of Stephenson, and is void. The plaintiff seeks to cancel the tax

deed and Stephenson's deed made to defendant, and for possession of the land.

The defendant answered by general denial and by pleading the validity of both the tax deed and the deed made by Stephenson, and by plea of the statute of limitations.

The cause was called for trial on the 29th of October, 1923, and was tried upon an amended petition. The trial resulted in a judgment for the plaintiff, canceling the two instruments under which the defendant claimed ownership of the land; and for possession of the land. The defendant prosecutes appeal, and presents his assignments of error under the proposition that the court erred in overruling the defendant's demurrer to plaintiff's evidence.

The plaintiff's evidence is to the effect that William Stephenson, under whom the plaintiff claims, was an enrolled Chickasaw freedman, and that the land involved was allotted to him as part of his share of the Choctaw-Chickasaw lands; that he reached his majority on about the 20th of September, 1916; and that almost immediately thereafter he executed to plaintiff the warranty deed on which the plaintiff relies; that the defendant is in possession of the land, claiming under a tax deed issued on the 24th of October, 1913, and filed for record on said date; that the defendant is also claiming title through William Stephenson by reason of a deed executed by him to defendant on the 9th of August, 1913, and recorded on the 24th of October, 1913; that in a short time after the plaintiff took his deed from William Stephenson he offered to reimburse the defendant for his outlay of taxes, penalties, costs, and interest; and offered to redeem the land from the tax sale at the treasurer's office; and both offers being refused, filed the action to cancel the tax deed within a few months after William Stephenson reached his majority; and upon the trial was still willing to pay the taxes, etc. Plaintiff put in evidence the allotment deed to William Stephenson, and Stephenson's warranty deed to plaintiff. He also introduced the tax deed and the Stephenson deed to defendant, for the purpose of having them canceled. Such was the substance of the plaintiff's evidence upon his announcement of rest. The defendant demurred to the evidence, and the court reserved ruling upon his demurrer; and defendant offered evidence in support of his defense. Among other matters offered, it was admitted that William Stephenson was a minor at the time he executed to defendant the deed on which defendant relies; and it was agreed that the rents and use of the

land had equalled all of the defendant's outlay for taxes, penalties, interest, and costs. The court overruled defendant's demurrer to the plaintiff's evidence. The defendant complains that such action of the court should reverse the plaintiff's judgment because (1) the deed made to defendant by Stephenson was only voidable and not void; (2) the tax deed was valid; and (3) the deed made by Stephenson to plaintiff was champertous and void as against the defendant in possession.

We have seen that the allottee, William Stephenson, was a minor when he executed the deed to defendant. Even if the deed were voidable only, instead of being void, it seems that the allottee took steps, as soon as he became of age, to have the deed set aside. He made a deed to plaintiff and then joined the plaintiff in the suit attacking the deed made to defendant. But our own court has passed upon the proposition and has held contrary to defendant's contentions, in holding that the deed made by a minor freedman allottee is void. In Brockman v. Roberts, 89 Okla. 57, 213 Pac. 545, this court said: "It is clear that such a deed is void." We think that statement is a sufficient answer to the defendant's contention upon this point.

If the tax deed were all that the defendant contends for it; and if the land of the minor Chickasaw freedman allottee was subject to taxes, the fact remains that the deed was issued while the allottee was still a minor, and section 9747, Comp. St. 1921, gave the owner one year after he came of age in which to redeem his land from the tax sale. Almost at once after he reached his majority he sold the land and conveyed the title by warranty deed, and, his warranty being general in its character, was a warranty against the claim of the defendant under the tax deed. His grantee offered to reimburse the defendant for his outlay in acquiring the tax deed, and offered to redeem the land from the tax sale at the treasurer's office. This was presumably done for and on behalf of the allottee to protect his warranty; and the effect would be the same even though the allottee himself, in person, did not make the offer to redeem. The offer to redeem was made within a short time after the allottee became of age; and, the offer being refused, the allottee joined his grantee in a suit to set aside the tax deed; and the suit was filed in less than four months after the allottee reached his majority. In Seattle Land & Development Co. v. Blum, 71 Wash. 530, 128 Pac. 1066, under a statute similar to our own, the Washington court held that the vendee of the owner might exercise the right to redeem. The Washington case, supra, is cited with approval by our own court in Blaine County Bank v. Noble, 55 Okla. 361, 155 Pac. 532. It was agreed upon the trial that the use of the land had reimbursed the defendant for his outlay in paying the taxes, penalties, costs, etc., upon the land. We think the trial court did not err in setting aside the tax deed.

The defendant contends that the deed made by Stephenson to the plaintiff is champertous and void as against him, for the reason that defendant had been in possession of the land for several years, and Stephenson was not in possession. Stephenson was a freedman allottee, and the land was part of his allotment, and he made the deed to plaintiff very soon after reaching his majority; and the suit was brought for possession in less than a year after Stephenson reached his majority. The contention made by defendant has many times been decided by this court adverse to his contention. Some of the cases are: Sells v. Mooney, 79 Okla. 35, 190 Pac. 861; Whitmire v. Levine. 80 Okla. 21, 193 Pac. 884; Culp v. Bronaugh, 97 Okla. 198, 224 Pac. 175. That the champerty statute has no application to the situation presented has long ceased to be an open question.

We find no error, and therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 519. (2) 37 Cyc. p. 1391. (3) 11 C. J. pp. 263, 265. (4) 4 C. J. p. 1129.