## BAGBY v. UNITED STATES.
### No. 627.

Circuit Court of Appeals, Tenth Circuit.
July 14, 1932.

Arthur B. Honnold, of Tulsa, Okl. (Jay W. Whitney, of Tulsa, Okl., on the brief), for appellant.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl., and Lester L. Gibson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge.

The appellant, plaintiff below, brought this suit to recover income taxes assessed and paid for the year 1918. Her complaint was dismissed on demurrer, and she has appealed.

In support of her allegation that the taxes were erroneously and illegally assessed and collected she sets forth that she is and was at the time of her birth, August 12, 1902, a member of the Creek Tribe of Indians of one-sixteenth Indian blood, and was so enrolled; that there was allotted to her as her surplus allotment pursuant to the Act of March 1, 1901, (31 Stat. 861), supplemented by the Act of June 30, 1902, (32 Stat. 500) a described 120 acres, then in the Indian Territory and now in the State of Oklahoma; that the patent conveying the 120 acres to her was executed and delivered on July 5, 1907; that her guardian with the approval of the County Court of Tulsa County, Oklahoma, gave an oil and gas lease on the 120 acres, and it has produced oil continuously since 1908; that her estate has received and sold continuously one-tenth of the oil as her royalty, and also received in the year 1918 a sum of money as a bonus for extending the term of the lease; that her guardian included said bonus and royalties received during 1918 in her income tax return; that she was during all of that year and until August 12, 1920, a minor, and because of her minority, her guardianship, the supervising control over her estate retained

in the Secretary of the Interior by the Act of March 27, 1908, and the further fact that she was in 1918 and ever since has been a ward of the United States, her income from said lease was non-taxable, and, therefore, said assessment and its collection was erroneous and illegal.

The issue thus tendered and joined by demurrer is one of law and must be determined by the correct interpretation of said Act of May 27, 1908 (35 Stat. 312). The sections for consideration are 1, 2, 4, and 6, and so far as material to this inquiry read thus:

"Section 1. That from and after sixty days from the date of this Act the status of the lands allotted heretofore or hereafter to allottees of the Five Civilized Tribes shall, as regards restrictions on alienation or incumbrance, be as follows: All lands, including homesteads, of said allottees, enrolled as intermarried whites, as freedmen, and as mixed-blood Indians having less than half Indian blood including minors shall be free from all restrictions. * * * "

"Sec. 2. * * * And provided further, * * * and the term minor or minors, as used in this Act, shall include all males under the age of twenty-one years and all females under the age of eighteen years."

"Sec. 4. That all land from which restrictions have been or shall be removed shall be subject to taxation and all other civil burdens as though it were the property of other persons than allottees of the Five Civilized Tribes. * * * "

"Sec. 6. That the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of the State of Oklahoma. The Secretary of the Interior is hereby empowered, under rules and regulations to be prescribed by him, to appoint such local representatives within the State of Oklahoma who shall be citizens of that State or now domiciled therein as he may deem necessary to inquire into and investigate the conduct of guardians or curators having in charge the estates of such minors, and whenever such representative or representatives of the Secretary of the Interior shall be of opinion that the estate of any minor is not being properly cared for by the guardian or curator, or that the same is in any manner being dissipated or wasted or being permitted to deteriorate in value by reason of the negligence or carelessness or incompetency of the guardian or curator, said representative or representatives of the Secretary of the Interior shall have power and it shall be their duty to report said matter in full to the proper probate court and take the necessary steps to have such matter fully investigated, and go to the further extent of prosecuting any necessary remedy, either civil or criminal, or both, to preserve the property and protect the interests of said minor allottees; and it shall be the further duty of such representative or representatives to make full and complete reports to the Secretary of the Interior. * * * " (There are further paragraphs of this section not material here, because they deal with the duties of the Secretary and his representatives in the case of minors having restricted lands.)

The conditions set forth in section 9 of said Act are not applicable to the facts of this case.

Of course, the royalties and bonus received were not the land itself, but the tax here in question is in substance a tax on the land (Pollock v. Farmers' Loan & Trust Co., 158 U. S. 601, 15 S. Ct. 912, 39 L. Ed. 1108), which section 4 of the Act subjects "to taxation and all other civil burdens as though it were the property of other persons than allottees of the Five Civilized Tribes." The quoted phrase puts appellant in the same class as minors of non-Indian blood in a like situation, and as to them there can be no doubt of their liability to an income tax on rentals. So on reading the excerpts from sections 1 and 4 it would seem to be clear that the tax here in question is valid. But appellant relies on sections 2 and 6, contending that she and her allotment are still under restrictions, notwithstanding sections 1 and 4; that her estate is still under the supervising control of the Secretary of the Interior, and that until 1920 she was a minor ward of the United States, subject to its care and protection. That may be conceded, yet if it clearly appears from said Act and the Revenue Act 1918 (40 Stat. 1057) that Congress intended to subject her income to the tax, the assessment was not erroneous and illegal. Goudy v. Meath, 203 U. S. 146, 27 S. Ct. 48, 51 L. Ed. 130; Choteau v. Burnet, 283 U. S. 691, 51 S. Ct. 598, 75 L. Ed. 1353. Section 2 prevents application of shorter periods of minority under state statutes and practice. McNee v. Whitehead (C. C. A.) 253 F. 546; Barbre v. Hood (C. C. A.) 228 F. 658; Truskett v. Closser, 236 U. S. 223, 35 S. Ct. 385, 59 L. Ed. 549. It is a temporary restriction on personal capacity, and supplants every state rule or law to the contrary, and coupled with section 6 demonstrates a continuing in-

terest in and retention of a supervising care over the minor's estate to the extent therein limited; but that does not interfere with alienation of the allotment through proceedings in probate when it is to the interest of a minor that a sale be made, nor the minor's right to sell on reaching majority. There is nothing in section 6 or other parts of the Act expressing an intention to continue the restrictions on alienation which were removed by section 1 of the Act; and section 4 clearly subjected her land to taxation as though she were without Indian blood. It is our opinion that the rents and profits arising therefrom were subject to, the tax which she now seeks to recover.

Affirmed.