**Isom BEAMS and Sam Anderson, Administrators of the Estate of Jackson Barnett, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 67–71.**

United States District Court
E. D. Oklahoma.

Dec. 27, 1968.

C. H. Rosenstein and Jay W. Whitney, Tulsa, Okl., for plaintiffs.

Gene Castleberry, Tax Div., Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This action is for the recovery of income taxes collected on income earned by the investment of oil and gas royalties from restricted lands allotted to Jackson Barnett, a full-blood Creek Indian. The investments were made and the income therefrom was retained by the Superintendent of the Five Civilized Tribes. Income taxes are assessed and collected on this "reinvestment income," which taxes are the subject matter of this suit. The parties have submitted this case to the Court for judgment on facts which the parties have stipulated.

Plaintiffs assert that Section 2 of the Act of Congress of January 29, 1942 (56 Stat. 21) exempts from taxation this type of income. It is the Defendant's position that the Act is only procedural and does not establish any new exemption.

Reinvestment income of restricted Indians has been held to be taxable. Superintendent of the Five Civilized Tribes v. Commissioner, 295 U.S. 418, 55 S.Ct. 820, 79 L.Ed. 1517 (1935). Unless the Act supersedes this holding, the Court is bound to follow the rule of law there announced. Plaintiffs claim that the Act was designed to offset or override the above-cited Supreme Court case and Bagby v. United States, 60 F.2d 80 (Tenth Cir. 1932). Plaintiffs rely on three cases decided by Judge Savage of the Northern District of Oklahoma, Berryhill v. United States, 51–1 USTC par. 9139 (Okl.1950); Boling v. United

States, 51–1 USTC par. 9140 (Okl.1950); and Rhodes v. United States, 51–1 USTC par. 9209 (Okl.1950). The point determined by Judge Savage in these cases was that the Act intended that the United States should not be able to avail itself of any statute of limitation, so that an earlier failure of the taxpayer to timely assert his claim would not operate as a bar to a new proceeding under the Act for the recovery of income taxes, if such recovery was otherwise authorized. Moreover, in these three cases, reinvestment income was not involved, only direct income from the allotted lands. These cases do not reach the question involved in the instant case.

Going to Section 2 of the Act, it provides in pertinent part:

"That any person duly enrolled as a member of an Indian tribe * * * having restricted money in the custody and control of the United States * * * and who was required * * * to pay any Federal income tax on * * * income from such restricted funds while in the custody or control of the United States * * * or any such person who has been erroneously or illegally taxed by reason of not having claimed or received the benefit of any deductions or exemptions permitted by law, and who would be entitled under this or previous Acts or rulings of the Treasury Department in similar Indian cases to a refund of the taxes so illegally or erroneously collected, *but for the fact* that he failed to file a claim for such refund within the time prescribed by law, shall be allowed two years after the approval of this Act within which to file such claim, *and if otherwise entitled thereto* he may recover such taxes *in the same manner and to the same extent* as if such claims for refund had been *theretofore* duly filed * * *." (emphasis supplied). Act of January 29, 1942 (56 Stat. 21, Sec. 2).

Plaintiffs contend that Section 2 created new rights in Indians, specifically, the right as to reinvestment income to claim an exemption thereof from in-

come taxes. Taking the statute phrase by phrase, it is fairly clear that it includes within its scope Indians who have paid the United States income taxes on income from restricted funds in the custody or control of the United States. But, if it was the law before the Act was passed that reinvestment income could lawfully be taxed, not being exempted by treaties with the Indians to which the Statute refers, then it is clear that the phrase of the Statute relating to illegal taxation does not apply to the reinvestment income here involved. Dropping out the phrase relating to illegal taxation, the Statute now provides that an Indian who has had reinvestment income taxed can file a claim for refund, " * * * *and if otherwise entitled thereto* he may recover * * *". Thus, according to the parts of Section 2 which apply to this case, it seems rather clear that the Statute created no new rights. It merely took the law of taxation as it found it and removed the bar of the statute of limitations without making any other changes. This is the Statute's declared policy:

." * * * it not being the policy of the Government to invoke or plead a statute of limitations to escape the obligations of agreements solemnly entered into with its Indian wards * * * to exact for its own use and benefit an income tax from them while their property continued under the supervision of the United States * * *." Act of January 29, 1942 (56 Stat. 21, Sec. 2).

The Superintendent v. Commissioner case, supra, held that the treaties to which this Statute refers did not exempt reinvestment income. Thus, the United States is not escaping the "obligations of agreements solemnly entered into with its Indian wards," by limitation or otherwise.

■ Moreover, on the basis that the ponderous language of Section 2 (it is a single sentence of nearly 500 words and is not an example of clarity or preciseness) is ambiguous it is appropriate to resort to the legislative history to as-

certain Congressional intent. United States v. American Trucking Associations, Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); Annot. 70 A,L.R. 5. At the time the Act was discussed in the United States House of Representatives, prior to enactment, Representative Rogers of Oklahoma was asked:

"What does the amendment [Section 2] do?

Mr. Rogers of Oklahoma: It merely gives to the Indians 2 more years in which to recover taxes which are erroneously and illegally paid. It does not do anything at all except extend the time 2 years.

Mr. Martin of Massachusetts: It does not give them any additional rights?

Mr. Rogers of Oklahoma: No more rights except extending the time."

88 Cong. 356.

According to this exchange, the intended purpose of the Act was only to extend the statute of limitations for the filing of claims and suits for refunds.

Both parties interpret the opinions of Judge Savage in the *Berryhill, Boling* and *Rhodes* cases cited above to the effect that Judge Savage thought the Act created substantive rights to refunds. The only question Judge Savage passed on was that of the Act's effect on theretofore existing statutes of limitations. Judge Savage included much comment in the *Berryhill* case regarding the taxability of income of Indians generally, but the sole point decided by that case was that the taxpayer was not " * * * barred because he filed a claim for refund on similar grounds in 1929 and failed within two years after the rejection of such claim to institute suit, as required by the provisions of the Internal Revenue Code * * * " because to so hold would allow the United States to

invoke " * * * a pleaded statute of limitations." The language used in this case is too broad for the point decided. The dictum on which Plaintiffs rely is not considered to be authoritative precedent.

If Plaintiffs are to recover, they must do so under the law existing at the time their claim arose, and in view of the Superintendent v. Commissioner decision of the Supreme Court, supra, taxes on reinvestment income are not recoverable. This decision has been cited without qualification in cases before the Supreme Court announced after the passage of Section 2 of the Act, supra. See Oklahoma Tax Commission v. United States, 319 U.S. 598, 63 S.Ct. 1284, 87 L.Ed. 1612 (1942); Squire v. Capoeman, 351 U.S. 1, 76 S.Ct. 611, 100 L.Ed. 883 (1956); Federal Power Commission v. Tuscarora Indian Nation, 362 U.S. 99, 80 S.Ct. 543, 4 L.Ed.2d 584 (1960). In none of these cases did the Supreme Court consider the Superintendent v. Commissioner case to have any less vitality, although in none of them did it consider that case in connection with this Act. Nevertheless, the Court is of the opinion that the Superintendent v. Commissioner case, in the absence of a clear-cut, positive expression of Congress that such income shall be exempt, was the law before the Act and is the law today.[1] Other cases cited by Plaintiffs are not in point or are of doubtful authority in the face of the Supreme Court's determination that reinvestment income is taxable.

Plaintiffs are, therefore, not entitled to the requested relief as a matter of law and their cause of action herein should be dismissed. Counsel for Defendant will prepare an appropriate judgment based on the foregoing for the signature of the Court.

---

1. In Superintendent v. Commissioner, supra, the Court stated, "The intent to exclude must be definitely expressed, where, as here, the general language of the act laying the tax is broad enough to include the subject-matter."